Submitted on briefs June 12, affirmed July 7, petition for
rehearing denied August 8, petition for review
denied October 5, 1972

GABRIEL, *Appellant, v.* EVERETT ET AL,
*Respondents.*

499 P2d 346

James B. Gabriel, Portland, pro se, for appellant.

Marian C. Rushing, City Attorney, and Ellis E. Gerdes, Senior Deputy City Attorney, Portland, for respondents.

Before Schwab, Chief Judge, and Langtry and Foley, Judges.

FOLEY, J.

Plaintiff filed a petition for writ of review in the circuit court alleging that the Civil Service Board of the city of Portland "* * * exceeded * * * [its] jurisdiction and/or acted erroneously and/or arbitrarily * * *" when it found that he had been discharged in good faith for the purpose of improving the public service. The trial court upheld the regularity of the proceedings before the Civil Service Board and found that there was evidence to support its decision. Plaintiff then appealed.

Plaintiff had been employed by the city of Portland as a Junior Civil Engineer in the Bureau of Street and Structural Engineering. He decided to take a vacation to Spain in the fall of 1970. In order to take advantage of airline charter fare rates, he applied for a regular leave of absence from October 1 - October 21, and for a 30-day leave of absence without pay to commence at 1:00 p.m. on October 21. His immediate supervisor approved the application and forwarded it to the chief of the bureau, to whom the city commissioner in charge of public works had delegated the authority of approving or disapproving leaves of absence. The bureau chief disapproved the request for leave without pay because of the workload. Plaintiff

admits that he knew his request had been rejected prior to his departure, but he left on his trip anyway.

When plaintiff had not returned to work by November 4, the commissioner sent a notification of discharge.[1] Petitioner requested a hearing before the Civil Service Board under Section 4-112 of the city charter on the grounds that his discharge "* * * was not made in good faith for the purpose of improving the public service * * *."

Section 4-112 provides:

"Removals and Investigations. No employe in the classified civil service who shall have been permanently appointed under the provisions of this chapter shall be removed or discharged * * * except for cause, a written statement of which in general terms shall be served upon him and a duplicate filed with the board. Such removal or discharge may be made without any trial or hearing. * * * Any employe so removed or demoted may within ten days from his removal or demotion file with the board a written demand for investigation. If such demand shall allege, or, if it shall otherwise

---

[1] Portland City Code Section 4.24.030:

"Penalty for nonreturn. It shall be the duty of the commissioner in charge of any department to file charges against any employee in the classified civil service who fails to return to duty within the time granted in his leave of absence after proper notice, and to remove such employee in accordance with the civil service provisions of the Charter; provided, that, if such employee presents a reasonable and acceptable excuse for such absence, charges shall not be filed against him if the council grants an extension of leave of absence for the additional time."

While we do not reach the question, it seems fair to state, for the guidance of plaintiff who represented himself, that we do not interpret the city code as requiring the commissioner to contact plaintiff in Spain when the question of leave had been discussed by him and his immediate superior prior to the time plaintiff began his vacation.

appear to the board that the discharge or removal, and in the case of the bureau of police, demotion, was for political or religious reasons, or was not in good faith, for the purpose of improving the public service, the matter shall forthwith be investigated by or before the board, or by or before some officer or board appointed by the board to conduct such investigation. The investigation shall be confined solely to the determination of the question of whether such removal or discharge, or, in the case of the bureau of police, demotion, was or was not for political or religious reasons, or was or was not made in good faith for the purpose of improving the public service. The burden of proof shall be upon the discharged employe. On such grounds the board may find that the employe is entitled to reinstatement upon such terms or conditions as may be imposed by the board, or may affirm his removal. The findings of the board shall be certified to the appointing officer and shall forthwith be enforced by such officer."

■ Plaintiff alleges irregularity in the manner of his discharge as well as in the proceedings before the Civil Service Board. Dismissal of an employe by a discharging officer is not a quasi-judicial act subject to writ of review. *City of Portland v. Garner et al*, 226 Or 80, 90, 358 P2d 495 (1961).

The scope of review before the Civil Service Board is a limited one. As the court said in *Garner*:

"Beil's case rests on the view that an employee in civil service has a vested right to his job and can not be discharged without proof of wrongdoing on his part. The Civil Service Board seems to have adopted this belief also. There may be civil service systems in which this is true. Portland's civil servants are not given such rights by their city's charter. There is no other source of rights for employees. Without the limited protection of the charter they

may be discharged at will. Winslow v. Minto * * * [164 Or 495, 102 P2d 919 (1940)]." 226 Or at 92.

*See also Personnel Division v. St. Clair,* 10 Or App 106, 498 P2d 809 (1972).

■ ■ Plaintiff's remaining allegation is that the provision of the city charter which places the burden of proof on the employe in his appeal to the Civil Service Board is a denial of due process. The city, however, does not have to allow any form of appeal from discharge. *See Ortwein v. Schwab,* 262 Or 375, 498 P2d 757 (1972); Annotation, 99 ALR 336 (1935). The limited form of appeal to the Civil Service Board, therefore, is constitutional.

■ Plaintiff received a fair hearing before the Civil Service Board, including the right to be represented by counsel, to present evidence, and to cross-examine witnesses called by the city. He testified on his own behalf. There was evidence to support the finding of the Civil Service Board.

Affirmed.