Argued July 27, affirmed August 25, petition for rehearing denied October 11, petition for review denied December 12, 1972

STUEVE, *Appellant, v.* EVERETT ET AL, *Respondents.*

500 P2d 491

*Stanley E. Erickson,* Portland, argued the cause for appellant. With him on the briefs were Wilson and Erickson, Portland.

*Ellis E. Gerdes,* Senior Deputy City Attorney, Portland, argued the cause for respondents. With him on the brief was Marian C. Rushing, City Attorney, Portland.

Before SCHWAB, Chief Judge, and LANGTRY and FORT, Judges.

SCHWAB, C.J.

Following termination of her employment by the city of Portland, plaintiff sought and was given a hearing before the Portland Civil Service Board. After that hearing, the Board upheld the discharge. Plaintiff then initiated this writ of review proceeding in the circuit court which upheld the Board's ruling.

Plaintiff was employed as a meter maid for the

city of Portland from September 15, 1958, until her discharge on July 3, 1970. In the spring of 1970, the city of Portland began use of a new type of double-headed parking meter. Being of the opinion that the signs on these meters did not provide the public with adequate notice of the hours in which parking was restricted or prohibited, the plaintiff began writing the words "ambiguous signs" on the parking citations she issued at these meters. Plaintiff also informed her supervisors of her concern, and requested that city officials be made aware of the alleged confusion resulting from the signs. On November 26, 1969, plaintiff submitted a written recommendation concerning these signs to her supervisor, and requested that copies of her letter be sent to the Commissioner of Public Works, the Traffic Engineer, the Chief of Police, and the Mayor. When her letter was not acknowledged, plaintiff wrote a letter to *The Oregonian* newspaper. The letter, which was published on May 26, 1970, in the Letters to the Editor section, expressed the plaintiff's concern about the new meters and indicated the failure of city officials to respond to her previous correspondence.

On June 3, 1970, the plaintiff was called to a meeting with her supervisor and the Traffic Engineer. At this time, plaintiff was told that the letter which she wrote to *The Oregonian* was in violation of the Meter Maid Rules regarding publicly criticizing lawful orders, and that any further violation of the Meter Maid Rules would result in a recommendation that her employment be terminated. As a result of this hearing, an official reprimand was placed in the plaintiff's personnel file.

At the Board hearing, plaintiff's supervisor testi-

fied that on June 28, 1970, she told the plaintiff to stop writing the comment "ambiguous signs" on citations.

On June 30, 1970, the Assistant Meter Maid Supervisor found that plaintiff was continuing to write citations with the comment "ambiguous signs" on them.

On July 1, 1970, the plaintiff was advised that her employment with the city of Portland was being terminated as of July 3, 1970. The letter of termination stated that by continuing to write the comment "ambiguous signs" on the citations she issued, plaintiff was in violation of Section 10, No. 21, of the Meter Maid Rules and Regulations (publicly criticizing lawful orders), and was also in violation of Section 10, No. 1 (willful disobedience of lawful rules or orders). The letter also advised plaintiff of her rights of appeal to the Civil Service Board. Plaintiff requested a hearing before the Civil Service Board on the grounds that her discharge "* * * was not in good faith for the purpose of improving the public service."

The Board ruled invalid the ground of dismissal based on Section 10, No. 21, of the Meter Maid Rules. The Board found that this section was so broad as to possibly stifle all forms of public criticism, and therefore was violative of employes' First and Fourteenth Amendment right to publicly criticize the policies of their employers. The correctness of the Board's position on this issue is not before us.

However, the Board ruled valid the ground of dismissal based on a violation of Section 10, No. 1, of the Meter Maid Rules. The Board also found that there was no evidence that the Commissioner had any motive for dismissing the plaintiff other than that

stated in his notice of dismissal; and therefore, the Board concluded that the dismissal "was made in good faith for the purpose of improving the public service * * *."

Section 4-112 of the Charter of the city of Portland provides:

"No employe in the classified civil service who shall have been permanently appointed * * * shall be removed or discharged * * * except for cause, a written statement of which in general terms shall be served upon him * * *. *Such removal or discharge may be made without any trial or hearing.* * * * Any employe so removed * * * may within ten days from his removal * * * file with the board a written demand for investigation * * *. *The investigation shall be confined solely to the determination of the question of whether such removal or discharge * * * was or was not for political or religious reasons, or was or was not made in good faith for the purpose of improving the public service. The burden of proof shall be upon the discharged employe.* On such grounds the board may find that the employe is entitled to reinstatement upon such terms or conditions as may be imposed by the board, or may affirm his removal * * *." (Emphasis supplied.)

■ Plaintiff alleges that the city of Portland acted erroneously and arbitrarily in discharging plaintiff without first holding a conference with her.

Section 4-112 of the Portland City Charter provides that "[n]o employe in the classified civil service who shall have been permanently appointed * * * shall be removed or discharged * * * except for cause * * *." Plaintiff argues that when a city officer can only discharge "for cause," the decision to discharge is an exercise of a judicial or quasi-judicial function.

Plaintiff asserts that the Commissioner acted in a judicial or quasi-judicial capacity in discharging her and that he was required to give her notice of the cause and an opportunity to defend prior to the discharge. The Oregon Supreme Court has held to the contrary. *Winslow v. Minto,* 164 Or 495, 102 P2d 919 (1940), held that when the provisions of a charter or ordinance provide that an employe may not be discharged except "for cause," it is implied that the decision of the discharging officer must be "quasi-judicial" and a strong inference is warranted that the employe must be given notice and an opportunity to defend prior to the discharge. However, in *City of Portland v. Garner et al,* 226 Or 80, 358 P2d 495 (1960), the court held that since the Portland Charter authorizes the removal or discharge of employes without any trial or hearing, the inference which would otherwise be drawn from the words "for cause" cannot be made. *Garner* determined that, under the Portland Charter, there is no requirement that an employe be given notice and a hearing prior to his or her discharge. Here the plaintiff was employed by the city of Portland, and her employment conditions were determined by the Portland Charter.

Plaintiff further alleges that Section 4-112 of the Charter of the city of Portland violates her constitutional right to due process of law because it imposes the burden of proof on the discharged employe in his or her appeal to the Civil Service Board. We recently decided this question adversely to plaintiff's position in *Gabriel v. Everett,* 10 Or App 250, 499 P2d 346, Sup Ct *review denied* (1972).

Plaintiff's remaining allegations are all grounded on her contention that the Civil Service Board exceeded its jurisdiction and acted erroneously and arbi-

trarily in not recognizing and holding that the plaintiff successfully carried the burden of proof at the Civil Service Board hearing.

Plaintiff contends, contrary to the Board's fact findings, that she established (1) the letter to the Editor was the grounds for her discharge, (2) she was not ordered to cease making certain notations on her parking tickets, and (3) her parking ticket notations were not a criticism of her employer, but an accurate and reasonable comment necessary to her profession.

■ ■ When an administrative tribunal properly exercises its jurisdiction and employs correct procedure in arriving at its factual determinations, we are not empowered, under a writ of review, to set aside those determinations if there is any evidence within the record to support the decisions. *Erickson v. City of Portland,* 9 Or App 256, 496 P2d 726 (1972) ; *Evans v. Schrunk,* 4 Or App 437, 479 P2d 1008 (1971). There was such evidence.

■ Plaintiff also contends that she proved that the notations on the tickets were constitutionally protected free speech. Plaintiff has cited no authority supporting this conclusion. Suffice it to say we found none.

Affirmed.