569 P.2d 910

Elven Joe SWISHER, Plaintiff-Respondent,

v.

The STATE of Idaho DEPARTMENT OF ENVIRONMENTAL AND COMMUNITY SERVICES, and its Successor, The State of Idaho Department of Health and Welfare, Defendant-Appellant.

No. 12171.

Supreme Court of Idaho.

Sept. 27, 1977.

Timothy J. Lape, Asst. Atty. Gen., Lewiston, Wayne L. Kidwell, Atty. Gen., Boise, for defendant-appellant.

John H. Bengtson of Randall, Bengtson & Cox, Lewiston, for plaintiff-respondent.

BAKES, Justice.

This proceeding arises out of the dismissal of a state employee. The plaintiff respondent Elven Joe Swisher began working for state social service agencies in 1969. He continued to work for the state until December of 1973, when he was separated from state employment effective January 4, 1974. Swisher contested the separation before the State Personnel Commission. Following a hearing before a hearing officer appointed by the commission, the hearing officer concluded that there had been good cause to terminate Swisher and upheld the termination. The commission adopted the decision of the hearing officer and affirmed Swisher's discharge. Upon appeal to the district court, the district court reversed the State Personnel Commission on the ground that its ruling was clearly erroneous and ordered that Swisher be reinstated as an employee of the state of Idaho. The district court further stated that it would reserve a ruling on Swisher's entitlement to back pay pending application by either party to take evidence on that issue. The state has appealed the district court's order to this Court. We reverse, discussing first why the order from which the state has appealed is a final judgment for purposes of appeal to this Court, and then explaining our reasons for overturning the district court's ruling.

## FINALITY OF JUDGMENT

Neither party has considered the finality of this order in briefs or at oral argument. However, this Court has recently dismissed several attempted appeals *sua sponte* on the grounds that the orders appealed from were not final judgments, either because all the relief to be granted a party had not been granted, *Twin Falls County v. Knievel,* 98 Idaho 321, 563 P.2d 45 (1977), or because the orders were not final judgments for all the parties to the suit, *John Deere Co. v. Kunzler,* 97 Idaho 921, 557 P.2d 199 (1976); *Merchants, Inc. v. Intermountain Industries, Inc.,* 97 Idaho 890, 556 P.2d 366 (1976); *Soderman v. Kackley,* 97 Idaho 850, 555

P.2d 390 (1976). We therefore must explain why this order of the district court, which by its terms ordered reinstatement but reserved a ruling on the question of back pay, is nevertheless a final judgment for purposes of appeal.

The beginning point of our analysis is the *statutory scheme found in I.C.* §§ 67–5301 *et seq.,* the statutes creating the State Personnel Commission and establishing the procedure for classified state employees' challenge of their discharge, demotion or suspension. As we shall explain in the last part of the opinion, this act establishes the procedures to be followed by the State Personnel Commission in such proceedings and by the district court on appeal from the State Personnel Commission. I.C. § 67–5316 provides the following in pertinent part:

"67–5316. Procedure before the Idaho personnel commission.—. . ..

"(b) Matters of dispute which may be brought before the commission for hearing and decision shall [include] discharge . . ..

"(c) Where the action in dispute was the discharge, . . . upon determination that proper cause did not in fact exist within the definitions set forth in section 67–5309(n), Idaho Code, . . . the commission shall order the reinstatement of the employee to his former position or a position of like status and pay, with or without loss of pay for the period of his discharge, . . . or may order such other remedy as the commission may determine to be appropriate."

Thus, the statute vests in the commission the initial determination whether an employee who has been erroneously discharged and who has been reinstated is entitled to back pay or some other appropriate remedy. However, the decision of the commission is subject to review. The same section of the code provides that decisions of the State Personnel Commission may be appealed to the district court. I.C. § 67–5316(k). But I.C. § 67–5316(*l*) limits the district court's disposition of these appeals in the following manner:

"(*l*) Upon appeal of a decision of the Commission, the district court may affirm or set aside such order or remand the matter to the commission . . .."

Not only does the statute vest the initial determination whether back pay shall be awarded in the personnel commission, it restricts the district court's appellate authority to either affirming or setting aside the order of the commission or remanding the matter to the commission. The statutes make no provision for the district court to take additional evidence or to modify the judgment in any manner other than setting it aside and remanding to the commission. Thus, the district court had no authority under the statute to delay entry of one of the judgments on appeal prescribed by statute while it took evidence on the back pay issue.[1] Accordingly, we will ignore that part of the order dealing with back pay because the district court had no appellate jurisdiction to consider that question, I.C. § 67–5316(c) having reserved initial consideration of this issue to the administrative

---

1. Art. 5, §§ 2 and 20, provide the following with respect to the appellate jurisdiction of the district court:

    "§ 2. Judicial power—Where vested.—The judicial power of the state shall be vested in a court for the trial of impeachments, a Supreme Court, district courts, and such other courts inferior to the Supreme Court as established by the legislature. . . . The jurisdiction of such inferior courts shall be as prescribed by the legislature. . . ."

    "§ 20. Jurisdiction of district court.—The district court shall have original jurisdiction in all cases, both at law and in equity, and such appellate jurisdiction as may be conferred by law."

    Thus, when statute provides that on appeal from the personnel commission the district court may only affirm or set aside orders of the personnel commission or remand the matter to the personnel commission, the district court has no jurisdiction to enter any other orders or take further evidence on matters not considered by the commission. *See* Part III of *Intermountain Gas Co. v. Idaho Public Utilities Commission,* 97 Idaho 113, 129–130, 540 P.2d 775 (1975), which analyzes analogous constitutional and statutory provisions restricting the appellate jurisdiction of this Court from orders of the Public Utilities Commission.

agency. The remainder of the order either affirms or sets aside the order of the commission. Thus, it is a final judgment for purposes of this appeal.

## THE DECISION OF THE ADMINISTRATIVE AGENCY

Testimony given before the personnel commission hearing officer established the following: Swisher had begun working for the state in 1969 as a chief social worker in State Hospital North. He was later employed by the Department of Environmental and Community Services when that department was organized. Following a general reorganization of state government in 1973, fourteen positions formerly scattered among various social service agencies in the Lewiston area were consolidated into ten positions in the Lewiston Region II office of the newly created Department of Health and Welfare. Swisher, whose position was Social Work Specialist IV, was among the ten people assigned to that office.

Following this consolidation there was disagreement between Swisher and his supervisors concerning whether Swisher was adequately performing his duties and otherwise abiding by his obligations as a state employee. Swisher testified that he had continued to perform his work well after consolidation, that he had not neglected his duties or failed to keep his appointments, that his supervisors had assigned him a heavier caseload than other employees in the office carried, and that he was being harassed by his supervisors, both with regard to his performance of his work and with regard to denying him access to telephones and air conditioners. His supervisors, on the other hand, testified that Swisher had not performed the tasks that were assigned to him, that the inconveniences he may have suffered were inevitable when the consolidated agency moved into new quarters, and that his conduct was detrimental to the good order and discipline of the department. In particular, Swisher's and his supervisors' testimony centered around Swisher's caseload, his punctuality in meeting with patients, his use of sick leave, and other matters pertaining to the performance of his duties. Following the hearing, the hearing officer issued a memorandum decision in which he found that Swisher had been properly terminated on the grounds set forth in the notice of separation given to him by the department. These grounds, which had been listed earlier in the opinion, included failure to perform duties imposed upon him by statute and department regulation, failure to keep appointments, insubordination, and improper use of sick leave.[2] The personnel commission adopted the decision of the hearing officer in all respects and affirmed Swisher's discharge. From this decision, Swisher appealed to the district court.

---

2. I.C. § 67–5309 provides in part:

"67–5309. Rules of the personnel commission.—The commission shall have the power and authority to adopt, amend, or rescind such rules and regulations as may be necessary for proper administration of this act. Such rules shall include:

.    .    .    .    .

"(n) A rule for the discharge or reduction of rank or grade or disciplining of permanent employees only for cause with reasons given in writing. Such rule shall provide that any of the following reasons shall be proper cause for the discharge, reduction of rank or grade, or suspension of any employee in the state classified service:

"1. Failure to perform the duties and carry out the obligations imposed upon him by the state constitution, state statutes, rules and regulations of his department, or rules and regulations of the personnel commission.

"2. Inefficiency, incompetency, or negligence in the performance of duties.

.    .    .    .    .

"4. Refusal to accept a reasonable and proper assignment from an authorized supervisor.

"5. Insubordination or conduct unbecoming a state employee or conduct detrimental to good order and discipline in his department.

.    .    .    .    .

"11. Habitual pattern of failure to report for duty at the assigned place and time.

"12. Habitual improper use of sick leave privileges."

The findings of the hearing officer are apparently intended to establish that the state had grounds to discharge Swisher under the preceding statutory provisions and the corresponding regulations adopted by the personnel commission.

## THE DECISION OF THE DISTRICT COURT

Following argument before the district court, the court orally stated that there was evidence in the record upon which the district court could uphold either a finding that Swisher's conduct had been detrimental to the good order and discipline of the department and was unbecoming a state employee or a contrary finding that his conduct was not detrimental to good order. However, the district court stated that the hearing officer had not made findings upon which this decision could be reviewed. The district court further stated that it would be unnecessary to decide the question which the parties had presented to it of whether the hearing before the commission or its hearing officer and the appeal to the district court were governed by the Administrative Procedure Act or the Personnel Commission Act because the decision would be the same under either act.

Two and one half months later, Swisher's counsel prepared a written order for the district court. This order, which the record indicates was not sent to counsel for the state before it was signed by the district court and docketed with the clerk of the court, is the order appealed from in this case. The order states that the hearing before the personnel commission was conducted under the Administrative Procedure Act and not the Personnel Commission Act, that the commission's order was unlawful because it did not include separately stated findings of fact and conclusions of law, and that the decision was clearly erroneous in view of the reliable probative and substantial evidence on the whole record before the personnel commission. The state appeals on the grounds that the district court erred in applying the APA rather than the Personnel Commission Act, in concluding that the hearing officer had not made the necessary findings of fact, in failing to remand for proper findings if none had been made, and in adopting the order of opposing counsel without giving the state an opportunity to make objections to it.

The first question we must decide is whether the hearing before the personnel commission or its hearing officer and the appeal to the district court were governed by the Administrative Procedure Act (APA), I.C. §§ 67–5201 *et seq.*, or the Personnel Commission Act, I.C. §§ 67–5301 *et seq.* The APA, which generally applies to contested cases before state agencies, I.C. § 67–5201(1), –(2), sets forth procedures for conduct and disposition of contested cases, I.C. §§ 67–5209–5212, and provides a uniform method and standard of judicial review in addition to that otherwise provided by statute, I.C. § 67–5215. However, the Personnel Commission Act, in I.C. § 67–5315, provides the following:

"67–5315. Relationship with existing laws, and repeal.—. . . [A]ll laws in conflict in whole or in part with the provisions of this act are hereby repealed to the extent of such conflict or inconsistency . . . .."

I.C. § 67–5316, the following section of the act, provides a detailed procedure for the hearing of contested cases before the commission or its hearing officers involving the discharge, demotion or suspension of a state employee. That section also provides for the right of appeal from the commission to the district court and sets forth the district court's authority in hearing such appeals. Thus, the Personnel Commission Act conflicts with the APA to the extent that it provides the procedure for hearings and for appeals to the district court under the act.

The Personnel Commission Act was enacted after the APA. Unlike the APA, it is of special rather than general import. Thus, after considering the general rules of statutory construction that a specific statute will control rather than a general statute when their terms are in conflict, *State v. Roderick*, 85 Idaho 80, 375 P.2d 1005 (1962), and that when statutes are in conflict the most recently enacted will control, *Employment Security Agency v. Joint Class "A" School District No. 151*, 88 Idaho 384, 400 P.2d 377 (1965), and the explicit statement of I.C. § 67–5315 that all laws in conflict with the Personnel Commission Act are repealed to the extent of the conflict,

we conclude that the proceedings before the personnel commission and its hearing officer and the appeal from the personnel commission to the district court must be conducted exclusively under the Personnel Commission Act and not under the APA. Thus, the district court erred in concluding that its review would be under the APA.

■ Under the Personnel Commission Act, I.C. § 67–5316(*1*) the district court is authorized to do the following upon consideration of an appeal from the personnel commission:

"(*1*) Upon appeal of a decision of the commission, the district court may affirm or set aside such order or remand the matter to the commission only upon the following grounds, and shall not set the same aside on any other or different grounds, to wit:

"(1) That the findings of fact are not based on any substantial competent evidence;

"(2) That the commission has acted without jurisdiction or in excess of its powers;

"(3) That the findings of fact by the commission do not as a matter of law support the decision and order."

We have reviewed the record and conclude, as did the district court immediately after the hearing before it, that the conflicting testimony found in the record could support findings that Swisher was discharged for cause as well as findings that he was not. Thus, the hearing officer's findings,[3] which were adopted by the commission, were based upon substantial competent evidence and do not as a matter of law fail to support the commission's decision and order. For that reason, the district court erred in entering the order prepared by Swisher's counsel, an order inconsistent with the district court's oral disposition of the proceedings, as the judgment of the district court. That written order, which is the order before us on appeal must be reversed. Again we note, as we did in *Compton v. Gilmore*, 98 Idaho 190, 560 P.2d 861 (1977), that this error probably could have been avoided had the district court not delegated the factfinding function to counsel or had the district court given the opposing party party an opportunity to review the order before its entry of judgment.

The matter is remanded to the district court with directions to enter a judgment affirming the order of the personnel commission. Costs to appellant.

DONALDSON, SHEPARD and BISTLINE, JJ., and SCOGGIN, District Judge, concur.

---

3. The findings of the hearing officer in this case were by no means a model of clarity. Rather than devoting a portion of his opinion to statements explicitly labeled "Findings of Fact," he instead recited verbatim the charges made against Swisher in letters to Swisher explaining the reasons for his dismissal. After this the hearing officer's opinion made general statements on the necessity for state employees to perform their duties and to avoid unnecessary friction with supervisors. Only in the closing paragraphs of the opinion did the hearing officer state:

"From the foregoing I must find:

. . . .

"Further, that the Respondent properly and legally terminated the employment of Elven Joe Swisher, . . . on the grounds set forth in the Notice of Separation, as supplemented by the letters of December 3, 1973, and January 28, 1974, which have been substantiated by the proof adduced at the hearing;

. . . .." Clk.Tr., p. 13.

While the hearing officer's opinion shows that he found there were reasons for Swisher's discharge, the reciting of the prehearing allegations against Swisher verbatim and adopting them by reference as the findings of the hearing officer is a poor practice and should not be followed. The better practice would be for the hearing officer to explicitly label his findings of fact as "Findings of Fact" and to compose them himself rather than adopting by reference the prehearing allegations of either party. *See Compton v. Gilmore*, 98 Idaho 190, 560 P.2d 861 (1977).