696 P.2d 353

**Robert J. ASHLEY, Plaintiff-Appellant,**

v.

**DEPARTMENT OF HEALTH AND WELFARE, Defendant-Respondent.**

No. 15124.

Court of Appeals of Idaho.

Feb. 27, 1985.

John Souza, Pocatello, for plaintiff-appellant.

Jim Jones, Atty. Gen., Lynn E. Thomas, Sol. Gen., Michael Richard De Angelo and Steven Stoddard, Deputy Attys. Gen. and William B. Latta, Jr., Boise, for defendant-respondent.

Before HUNTLEY, Acting C.J., and WALTERS and OLIVER, Acting JJ., Special Panel.

HUNTLEY, Acting Chief Judge.

Robert J. Ashley was dismissed from his employment with the Idaho Department of Health and Welfare. He appealed the Department's decision to the Idaho personnel commission, where a hearing officer held an evidentiary hearing and affirmed the Department's decision to dismiss him. I.C. § 67–5316(h) provides, in part:

"If the matter has been assigned for hearing by a member of the commission or a duly appointed presiding officer, and a petition for review is not filed by any party to the proceedings within thirty (30) days after his decision and order is filed, the member's or presiding officer's decision shall be the decision and order of the commission and shall be enforceable under the provisions of paragraph (j).

I.C. § 67–5316(j) provides:

Any party in interest may file in the district court for the county in which any party to the proceedings resides, a certified copy of the decision of the commission, and the district court shall have the power to enforce by proper proceedings the decision and order of the commission.

I.C. § 67–5316(k) provides:

A decision and order of the commission shall be final and conclusive between the parties, unless within thirty (30) days of the filing of such decision, either party appeals to the district court. Where the decision and order of the commission directed the reinstatement of an employee, the employee shall be reinstated upon receipt of a copy of the decision and order unless a stay of the order be granted by the district court upon proper petition.

Ashley did not petition the personnel commission for review of the hearing officer's decision, which was entered on May 2, 1980. Hence, that decision became the decision of the commission. Ashley appealed to the district court on June 30, 1980.

The district court dismissed the appeal for the following reasons: (1) the appeal was not timely filed; (2) the transcript of the proceedings before the hearing officer was unavailable, as the tapes of the hearing were inaudible, and the district court had no jurisdiction to conduct a de novo hearing in the matter; and (3) since Ashley had not petitioned the personnel commission for review of the hearing officer's decision, he had failed to exhaust his administrative remedies and therefore could not appeal to the district court.

 We hold that the district court correctly concluded that because Ashley failed to exhaust his administrative remedies with the personnel commission he was precluded from appealing to the district court. The district court observed that while the statutory scheme is somewhat ambiguous, the common sense interpretation would be to construe the language to mean that the commission should have the opportunity to correct errors before an appeal could be taken to the district court. We agree that the statute is somewhat ambiguous. However, we conclude that the district judge properly interpreted its meaning. A statute is viewed as a whole and not in parts or sections, and is animated by its general purpose and intent. Sutherland Stat. Const. § 46.05 (4th Ed.). Consequently, each part or section should be construed in connection with every other part or section so as to produce a harmonious whole. *Jackson v. Jackson,* 87 Idaho 330, 393 P.2d 28 (1964).

 Ashley claims that the district court erroneously relied on the Administrative Procedures Act (APA) in dismissing the matter. The record indicates that the

Court, in its Memorandum Opinion, cited I.C. § 67–5215 of the APA which provides:

A person who has exhausted all administrative remedies available within the agency and who is aggrieved by a final decision in a contested case of an agency ... is entitled to judicial review under this act....

Ashley observes that the Idaho Supreme Court has held that where the APA and the personnel commission Act (PCA) conflict, the PCA controls. *See Swisher v. State Dept. of Environ. & Com. Serv.*, 98 Idaho 565, 569 P.2d 910 (1977). However, in the instant case, we ascertain no conflict between the statutes. Moreover, the above quoted section of the APA merely codifies a well-established principle of Idaho jurisprudence—that a case must run the full gamut of administrative proceedings before an application for judicial relief may be considered. *Grever v. Idaho Telephone Co.*, 94 Idaho 900, 499 P.2d 1256 (1972).

■ Since Ashley failed to petition the personnel commission for review within the statutory period, he effectively waived his right to appeal to the district court.

■ We next consider whether the trial court correctly determined that it had no jurisdiction to conduct a de novo hearing on the merits. In *Swisher v. State Dept. of Environ. & Com. Serv., supra*, the Idaho Supreme Court stated:

... I.C. § 67–5316(1) limits the district court's disposition of these appeals in the following manner:

(1) Upon appeal of a decision of the commission, the district court may affirm or set aside such order or remand the matter to the commission....

Not only does the statute vest the initial determination whether back pay shall be awarded in the personnel commission, it restricts the district court's appellate authority to either affirming or setting aside the order of the commission or remanding the matter to the commission. 98 Idaho at 567, 569 P.2d at 912. Clearly, the trial court had no jurisdiction to conduct a de novo hearing in the instant case.

■ Ashley next asserts that in any event he was unjustly deprived of the means to make an effective appeal because the tapes of the hearing before the hearing officer were unintelligible. Had Ashley petitioned the commission for review, the commission could have ordered new proceedings in order to obtain a transcript.

The decision of the district court dismissing the appeal is affirmed.

Costs to respondent. No attorney fees.

OLIVER, Acting J., concurs.

WALTERS, Acting Judge, concurring specially:

I agree that failure of Ashley to exhaust his administrative remedies precluded an appeal to the district court. Our determination of that issue is dispositive of this appeal. While I do not disagree with the conclusion reached in regard to the issues concerning the requested de novo hearing and the unavailability of a hearing examiner's transcript, I believe the discussion and determination of those issues is unnecessary to this opinion.