736 P.2d 1345

**Jack C. STROUD and Frank Roeckner,
Plaintiffs-Appellants,**

v.

**DEPARTMENT OF LABOR AND
INDUSTRIAL SERVICES,
Defendant-Respondent.**

No. 16482.

Court of Appeals of Idaho.

April 9, 1987.

William B. Latta, Jr., Boise, for appellants.

Bobbi K. Dominick (argued), and Peter J. Boyd of Elam, Burke & Boyd, Boise, for respondent.

SWANSTROM, Judge.

Two employees of the Department of Labor and Industrial Services, appellants Jack Stroud and Frank Roeckner, were in-voluntarily transferred from offices in cities where they lived to offices in other cities. They challenged the transfers, claiming that the Department's director had acted arbitrarily. The challenges were made unsuccessfully through the Department's grievance procedure and then were presented to the Personnel Commission. The Commission's hearing officer ruled in their favor. The full Commission, however, decided that the Commission lacked jurisdiction to hear the case. The district court agreed. The two employees have appealed. They ask us to rule that the Idaho Personnel Commission has jurisdiction to consider involuntary transfers of classified state employees. For the reasons that follow, we affirm.

The sole issue on appeal revolves around the language of I.C. § 67-5316(b). That statute provides:

> Matters of dispute which may be brought before the commission for hearing and decision shall be limited to the discharge, reduction in rank or grade, suspensions, allocation to a particular class of any classified employee who has completed his probationary period; or any decision of [sic] action taken by the state personnel director or staff of the Idaho personnel commission in the performance of their official duties; *or the failure of an appointing authority to provide to a classified employee of the state a right and/or benefit to which the employee is entitled by law;* and such other matters as may now or hereafter be assigned to it by law. [Emphasis added.] [1]

Appellants contend that the "right and/or benefit" language quoted above confers jurisdiction on the Personnel Commission. They argue that they have the "right"—by contract, constitutional, and tort law—to be free from arbitrary, capricious and bad faith action by the Department. The Department contends that the language refers only to certain other rights and bene-

---

1. The Personnel System Act was recodified in 1986. Appeals to the Personnel Commission are still addressed in I.C. § 67-5316. The language at issue here was retained. References to the Act in this opinion are to the old version of the Act.

fits enumerated in the Personnel System Act, I.C. §§ 67–5301 to 67–5339.

Stroud was employed in Boise, and Roeckner was employed in Pocatello. Each was involuntarily transferred to the other's position. Rather than face dismissal they complied with the transfer orders but pursued the Department's grievance procedure mandated by I.C. § 67–5309A, now recodified as § 67–5315. Impartial review boards heard the grievances and denied relief. Appellants then took their case to the Personnel Commission. The hearing officer found the transfers to be arbitrary, capricious and in bad faith, and reinstated appellants to their pretransfer positions. Upon an appeal by the Department, the full Commission reversed its hearing officer. The Commission held that it did not have jurisdiction to hear the case nor the authority "to create" a right to be free from arbitrary action. Stroud and Roeckner then appealed to the district court. The court "reluctantly" concluded that the statutory scheme governing the Personnel Commission precluded review by the Commission of involuntary transfers.

We also view the case as one of statutory construction. "As a general rule, administrative authorities are tribunals of limited jurisdiction and their jurisdiction is dependent entirely upon the statutes reposing power in them and they cannot confer it upon themselves, although they may determine whether they have it." *Washington Water Power Co. v. Kootenai Environmental Alliance*, 99 Idaho 875, 879, 591 P.2d 122, 126 (1979). In this case we look to the interplay between I.C. § 67–5309A which mandates a departmental grievance procedure, and § 67–5316(b) which gives the Commission its hearing jurisdiction. Under § 67–5309A "grievances may include, but are not necessarily limited to, classification, annual leave, sick leave, dismissal, suspensions, *involuntary transfers*, promotions and demotions." (Emphasis added.) In contrast, I.C. § 67–5316(b) states that "[m]atters of dispute which may be brought before the commission for hearing and decision *shall be limited to* the discharge, reduction in rank or grade, suspensions, allocation to a particular class of any classified employee who has completed his probationary period; ... or the failure of an appointing authority to provide to a classified employee of the state a right and/or benefit to which the employee is entitled by law; ...." (Emphasis added.) As can be seen the departmental grievance statute specifically includes involuntary transfers, but the Personnel Commission's hearing statute excludes them. "Where a statute with respect to one subject contains a certain provision, the omission of such provision from a similar statute concerning a related subject is significant to show that a different intention existed." *Kopp v. State*, 100 Idaho 160, 164, 595 P.2d 309, 313 (1979). We think the omission of involuntary transfers from I.C. § 67–5316(b) is significant and reflects the Legislature's intent to exclude them from the Commission's jurisdiction.

In 1969 the legislature amended I.C. § 67–5309, the statute giving the Commission its rule making authority. Language providing for Commission review of departmental personnel actions was removed and embodied in a new statute, I.C. § 67–5316. The title to the act indicates that I.C. § 67–5316 is to limit the matters reviewable by the Commission. 1969 Idaho Sess. Laws, ch. 171, p. 510. The 1969 version contains the same limiting language and the rights and benefits language that is in controversy here. In 1973 the legislature added the grievance statute, I.C. § 67–5309A. Involuntary transfers were listed in the non-inclusive list of grievance subjects. This language also has remained substantially the same. Subsection (3) recognized that not all grievance actions were reviewable by the Commission. It too remains unchanged and provides that *if* an action is reviewable by the Commission, the time to file with the Commission is tolled until after the grievance procedure is completed. Between 1973 and appellants' transfers in 1984, the grievance statute and the review statute were each twice amended. These amendments left the language

at issue here unchanged.[2] The legislature has had ample opportunity in considering and amending these statutes to include involuntary transfers in the review statute. We conclude that the omission shows the intent to exclude involuntary transfers from the hearing jurisdiction of the Commission.

Appellants argue that involuntary transfers need not be explicitly included in the hearing statute since freedom from arbitrary transfers comes under the "right and/or benefit to which the employee is entitled by law" language. This argument assumes that the term "law" as used in § 67–5316(b) refers to statutory, decisional, and constitutional law. Used in this context, the law is said to protect classified employees from the arbitrary actions of appointing authorities. *See Harkness v. City of Burley,* 110 Idaho 353, 715 P.2d 1283 (1986) (defining an employee's property interest in his employment contract); *Brigham v. Department of Health and Welfare,* 106 Idaho 347, 679 P.2d 147 (1984) (statutory rights implicitly included in employment contract, Civil Service System protects employees from arbitrary actions). Thus when an employee is subjected to arbitrary action the Commission's jurisdiction is invoked because he has been denied the freedom from arbitrary action to which he is entitled "by law." This argument has merit but proves too much. The statute explicitly confers limited jurisdiction by stating that the Commission can only hear certain types of disputes. Under the broad reading urged by appellants, the rights and benefits provision would engulf the rest of the statute. For example, a supervisor's decision to move an employee from one desk to another, if arbitrary, would invoke the jurisdiction of the Personnel Commission to review that decision. The limiting language would be destroyed and the Commission would be cut loose from its statutory moorings. Accordingly, we do not accept the interpretation of the statute urged by appellants.

Appellants point to the Commission's ruling that it could not "create" the right to be free from arbitrary action. They contend that this right already exists at law and is therefore encompassed by the rights and benefits language of I.C. § 67–5316(b). We need not address the contours of the rights and benefits provision because our decision is based on the Legislature's exclusion of involuntary transfers from the Commission's jurisdiction. The Commission ruled that the freedom from arbitrary action was not a right that appellants were entitled to by law, and hence the case was beyond the Commission's jurisdiction. The Commission, as we have ruled, was correct that I.C. § 67–5316(b) does not empower it to hear matters involving transfers. Whether or not its reasoning for so concluding is correct, we need not decide. Even if erroneously reasoned, we will affirm the Commission's decision on the proper ground. *Gray v. Brasch & Miller Construction Co.,* 102 Idaho 14, 624 P.2d 396 (1981).

The decision of the district court affirming the decision of the Personnel Commission is *affirmed.* Costs to respondent; no attorney fees are awarded.

WALTERS, C.J., concurs.

BURNETT, Judge, specially concurring.

I agree that the Personnel Commission's jurisdiction, as defined in I.C. § 67–5316, does not embrace all grievances asserted by classified employees in state government. The Legislature implicitly has made this point clear by providing in I.C. § 67–5315(3), formerly I.C. § 67–5309A(3), that review by the Personnel Commission may follow the exhaustion of departmental grievance procedures "*[i]f* the grievance concerns a matter which is reviewable pursuant to section 67–5316, Idaho Code...." (Emphasis added.)

---

2.  1975 Idaho Sess.Laws, ch. 164, p. 443 (amending § 67–5309A); 1977 Idaho Sess.Laws, ch. 307, p. 863 (amending § 67–5316, making short-term, as well as long-term, suspensions subject to review); 1979 Idaho Sess.Laws, ch. 192, p. 557 (amending § 67–5316, eliminating review of an "allocation to a particular pay grade or step within a pay grade"); 1983 Idaho Sess.Laws, ch. 210, p. 583 (amending § 67–5309A).

I also agree that I.C. § 67–5316(b), which refers to "failure of an appointing authority to provide a right and/or benefit to which the employee is entitled by law" does not expand the Commission's jurisdiction to include every allegedly arbitrary personnel action. Such an interpretation would render meaningless the other, restrictive provisions of the statute. It would violate the principle that meaning and effect should be given if possible to all parts of a statute. *E.g., Sampson v. Layton,* 86 Idaho 453, 387 P.2d 883 (1963).

However, lack of Personnel Commission jurisdiction does not deprive state employees of a remedy beyond the departmental grievance process. It simply means that administrative remedies are exhausted at the department level. The employees then may avail themselves of a judicial forum to assert their claims that contractual or other legal rights have been abridged. The Idaho Administrative Procedure Act (APA), at I.C. § 67–5215, provides for judicial review of administrative action in a broad range of "contested cases." The APA is displaced by the Personnel Commission statutes only to the extent of conflict. *See* I.C. § 67–5304(2), formerly I.C. § 67–5315; *Swisher v. State Department of Environmental and Community Services,* 98 Idaho 565, 569 P.2d 910 (1977). Where, as here, the Commission lacks statutory jurisdiction, no conflict exists. Review is available under the APA.

In this case, the "Notice of Appeal" filed in the district court by Stroud and Roeckner focused on the Personnel Commission's ruling that it lacked jurisdiction. The document did not mention review of departmental action under the APA. However, it referred to the possibility of a separate civil complaint containing an "alternative assertion of ... tort and contract rights...." On remand, I would direct the district court to determine whether the "Notice of Appeal" or any separate civil complaint should have been, and therefore still could be, treated as a petition for judicial review under the APA. *Cf. St. Benedict's Hospital v. County of Twin Falls,* 107 Idaho 143, 686 P.2d 88 (Ct.App.1984) (where administrative action reviewable under the APA was challenged by complaint rather than by a petition for judicial review, proper court response was to treat the complaint as a petition governed by the APA).

It might well be argued that orderly administration of the executive branch of government would be better served if employees did not seek judicial intervention immediately upon completion of the departmental grievance process. However, that is what employees must do if their grievances are not among those enumerated in the Personnel Commission's statutory grant of jurisdiction. Whether this grant should be broadened is a question for the executive branch to consider and, in the last analysis, for the Legislature to determine.