753 P.2d 1257

**Nancy SHEETS, Appellant–Respondent,**

**v.**

**IDAHO DEPARTMENT OF HEALTH AND WELFARE, Respondent–Appellant.**

No. 16854.

Supreme Court of Idaho.

Feb. 22, 1988.

Michael De Angelo, Deputy Atty. Gen., for respondent-appellant.

Brian Donesley, Boise, for appellant-respondent.

HUNTLEY, Justice.

The Department of Health and Welfare appeals the trial court's decision that its employee, Nancy Sheets, is entitled to appeal a grievance of a performance evaluation to the Idaho Personnel Commission, even after the evaluation had been upheld upon independent departmental review, contending that the Personnel Commission lacks jurisdiction.

■ Nancy Sheets received a rating of "good" for her performance evaluation given January, 1985. Later that month, Sheets filed an official grievance procedure form and obtained an independent review by the Department. The impartial reviewer recommended that the performance evaluation rating of "good" should stand. In September of that year, the then director of the Department of Health and Welfare,

Rose Bowman, accepted the recommendation of the independent reviewer. Sheets then appealed to the Idaho Personnel Commission, where the designated hearing officer granted the Department's motion to dismiss Sheet's appeal. This order was affirmed by the Idaho Personnel Commission in June, 1986. Sheets then filed Notice of Appeal to the district court, which reversed the decision of the Idaho Personnel Commission, holding that I.C. § 67–5316(1)(b) conferred jurisdiction to the Personnel Commission in this matter. I.C. § 67–5316(1) provides:

**67–5316. Appeal procedure.**—(1) Appeals *shall be limited* to the following:

(a) Any classified employee who has successfully completed the entrance probationary period may, after completing the departmental grievance procedure, appeal a disciplinary dismissal, demotion or suspension, or classification.

(b) Any classified employee may, after completing the departmental grievance procedure, appeal the *failure of an appointing authority to provide a right and/or benefit to which the employee is entitled by law.*

(c) Any interested person may appeal any decision or action taken by the state personnel director or staff of the Idaho personnel commission in the performance of their official duties.

(d) Any interested person may appeal any other matters as may now or later be assigned to the commission by law. (Emphasis added).

The trial court cited to I.C. § 67–5315 (formerly I.C. § 67–5309A), which requires the Department to establish a written employee grievance procedure subject to the approval of the Idaho Personnel Commission. That section further provided that "... grievances may include, *but are not necessarily limited to,* classification, annual leave, sick leave, dismissal, suspensions, involuntary transfers, promotions and de-

motions." I.C. § 67–5309A(1).[1] (Emphasis added).

The trial court then focused on I.C. § 67–5316, which limits the appealable matters involving departmental grievance procedures to the Idaho Personnel Commission. Although I.C. § 67–5316 does not designate the grievance of performance evaluations as specifically appealable to the Idaho Personnel Commission, the trial court noted that I.C. § 67–5316(1)(b) does provide for the appeal of a "failure of an appointing authority to provide a *right and/or benefit* to which the employee is entitled by law...." The trial court then concluded that, if I.C. §§ 67–5315 and –5316 were read in concert, a specific "right and/or benefit" to a fair grievance procedure compliant with the statutory review process must exist.

Irrespective of the merits involved in selecting the Idaho Personnel Commission as the ultimate arbiter for all departmental grievances, our reading of the statutes compels us to hold that the Idaho Personnel Commission does not have jurisdiction to decide the issues involved in the instant case. "As a general rule, administrative authorities are tribunals of limited jurisdiction and their jurisdiction is dependent entirely upon the statutes reposing power in them...." *Washington Water Power Co. v. Kootenai Environmental Alliance,* 99 Idaho 875, 879, 591 P.2d 122, 126 (1979). Here, we must address the relationship between I.C. §§ 67–5315 and –5316. Our Court of Appeals recently focused on these same two statutes in *Stroud v. Department of Labor and Industrial Services,* 112 Idaho 891, 736 P.2d 1345 (Ct.App.1987). There, the court held that the Idaho Personnel Commission lacked jurisdiction to hear an employee grievance regarding involuntary transfer. The Court of Appeals focused on the *non-inclusive* listing of types of grievances for which a grievance procedure must be had pursuant to I.C. § 67–5309(A) (now, I.C. § 67–5315), and contrasted that statute with I.C. § 67–5316, which states that "appeals *shall be limited to*" a set of grievances which did not include involuntary transfer, and do not include performance evaluations. We agree that the statutes are dispositive and preclude appeal of matters not expressly denominated.

As in the instant case, claimants in *Stroud, supra,* argued that their particular type of grievance did not need to be expressly included as appealable in I.C. § 67–5316, as the freedom from arbitrary process comes under the "right and/or benefit to which the employee is entitled by law" language found in I.C. § 67–5316(1)(b). While noting that this argument had some merit,[2] the court adroitly noted:

> The statute [I.C. § 67–5316] explicitly confers limited jurisdiction by stating that the Commission can only hear certain types of disputes. Under the broad reading urged by appellants, the rights and benefits provision would engulf the rest of the statute. For example, a supervisor's decision to move an employee from one desk to another, if arbitrary, would invoke the jurisdiction of the Personnel Commission to review that decision. The limiting language would be destroyed and the Commission would be cut loose from its statutory moorings. Accordingly, we do not accept the interpretation of the statute urged by appellants. *Id.* at 893, 736 P.2d at 1347.

We approve of this analysis in *Stroud* and adopt it. To do otherwise, and to allow myriad appeals from performance evaluations without explicit statutory authority, would allow the exception to swallow the rule.

■ It is important to note, however, that an alternative remedy may be avail-

---

**1.** I.C. § 67–5315(1) currently provides in part: "... A classified employee may grieve any matter, except that compensation shall not be deemed a proper subject for consideration under the grievance procedure except as it applies to alleged inequities within a particular agency or department, and except for ter-

mination during the entrance probationary period."

**2.** See, *Stroud, supra,* 112 Idaho at 893, 736 P.2d at 1347.

able to state employees not able to appeal a grievance to the Personnel Commission. The Idaho Administrative Procedure Act (APA), at I.C. § 67–5215, provides that "a person who has exhausted all administrative remedies available within the agency and who is aggrieved by a final decision in a contested case of an agency ... is entitled to judicial review under this Act." As Judge Burnett noted in his special concurrence in *Stroud:*

> "The APA is displaced by the Personnel Commission statutes only to the extent of conflict. *See,* I.C. § 67–5304(2), formerly I.C. § 67–5315; *Swisher v. State Department of Environmental and Community Services,* 98 Idaho 565, 569 P.2d 910 (1977). Where, as here, the Commission lacks the statutory jurisdiction, no conflict exists. Review is available under the APA." *Id.* at 894, 736 P.2d at 1348.

Judge Burnett then acknowledged the potential deficiencies of this legislative scheme:

> It might well be argued that orderly administration of the executive branch of government would be better served if employees did not seek judicial intervention immediately upon completion of the departmental grievance process. However, that is what employees must do if their grievances are not among those enumerated in the Personnel Commission's statutory grant of jurisdiction. Whether this grant should be broadened is a question for the executive branch to consider and, in the last analysis, for the legislature to determine. *Id.* at 894, 736 P.2d at 1348.

As the Court of Appeals was compelled by the statutes to find jurisdiction lacking, so are we. Costs to Department, no attorney fees on appeal.

SHEPARD, C.J., BAKES and BISTLINE, JJ., and OLIVER, J. Pro Tem., concur.