766 P.2d 1262

Glenna POUNDS, Plaintiff–Appellant,

v.

Thomas DENISON, individually and in his official capacity as Assistant Dean to the School of Vocational–Technical Education at Boise State University; John Keiser, individually and in his official capacity as President of Boise State University; and Boise State University, Defendants–Respondents.

No. 17013.

Court of Appeals of Idaho.

Dec. 23, 1988.

**382**

W. Craig James of Skinner, Fawcett & Mauk, Boise, for plaintiff-appellant.

Bradley H. Hall of Lojek & Hall, Sp. Deputy Atty. Gen., Boise, for defendants-respondents.

SWANSTROM, Judge.

Glenna Pounds filed this action against her former employer, Boise State University (BSU), against its president, John Keiser, and against her former supervisor, Thomas Denison. Upon motion the district court dismissed Pounds' complaint because she failed to exhaust available administrative remedies. She has appealed. The issue is whether a classified state employee may resort to a judicial forum to litigate an employment dispute not pursued through the statutory procedures of the Idaho Personnel System Act. We affirm the order of dismissal in part and we vacate in part. We remand for further examination of Pounds' tort claim.

The issue on appeal is one of law and procedure. Consequently, we will exercise free review of the issue presented. We will make an independent determination as to whether Pounds' complaint should be dismissed for failure to exhaust administrative remedies.

The bases of Pounds' complaint are drawn from the following facts. From 1969 to 1985 Pounds worked as a classified state employee of BSU, principally as an accountant with the Vocational Technical School. In 1983 defendant Denison was hired by BSU and placed in a supervisory capacity over Pounds. The work relationship between Pounds and Denison was rather acerbic. Pounds alleged that Denison inflicted severe mental and emotional distress upon her in a vindictive plan to coerce her resignation, and that his conduct caused her to take medical leave on May 15, 1985.

On May 20, 1985, Pounds filed a grievance in conformance with established procedure at BSU. Pounds complained that BSU had not acted in good faith and with fair dealing toward her since 1983, and that BSU had failed to prepare a written job description for her employment duties. She requested that all negative evaluations in her personnel file since 1983 be expunged. An impartial panel was appointed to consider Pounds' grievance.

The panel made recommendations for reducing friction and any unprofessional conduct in the office where Pounds worked. The panel concluded that a written job description was unnecessary and that Pounds' personnel file should remain intact. The president of BSU reviewed the panel's recommendations and accepted them, specifically noting that the recommendations concerning personnel problems "should continue to be implemented to the maximum extent possible." Pounds appealed from the president's decision to the Idaho Personnel Commission on November 14, 1985. Because Pounds had not been discharged or denied a right or benefit to which she was entitled by law, the Commission's hearing officer concluded that the matters raised by Pounds were not reviewable. *See generally Sheets v. Idaho Department of Health and Welfare,* 114 Idaho 111, 753 P.2d 1257 (1988). Consequently, the hearing officer filed an order dismissing Pounds' appeal on November 22, 1985.

Meanwhile, on November 18 Pounds' medical leave expired. She did not return to work or seek an extension of her leave. In keeping with its policy and personnel rules, BSU declared Pounds' position vacant and filled it with another employee. Although Pounds later claimed this was a constructive discharge, she did not file a grievance that would have set in motion the procedures of the Idaho Personnel Sys-

tem Act. (I.C. § 67–5301 to –5339.) Instead, Pounds filed this lawsuit on February 22, 1986. Pounds' complaint alleged (1) breach of employment contract, (2) tortious discharge in contravention of public policy and in violation of civil rights, (3) tortious discharge in violation of a duty of good faith and fair dealing, and (4) tortious infliction of emotional distress.

We begin our analysis by briefly noting the scope and effect of the Idaho Personnel System Act. The Act subjects all classified employees of the state to its prescribed system of personnel administration, including its grievance procedure. I.C. § 67–5303. The Act provides the machinery for resolving disputes relating to a contract of employment between a classified state employee and the department in which he or she works. It also provides a means of handling personnel problems arising from such public employment.

■ Our Supreme Court has held that the procedures outlined in the Act are the exclusive remedy for classified state employees asserting wrongful discharge. *Swisher v. State Dept. of Environmental and Community Services*, 98 Idaho 565, 569 P.2d 910 (1977). We deem it equally true that the procedures of the Act must be followed to exhaust the administrative remedies offered before a classified employee may sue upon a claim pertaining to his employment. Therefore, the Act provides the exclusive procedure for remedying initially all grievances within its subject matter. *See* I.C. § 67–5309A. (This statute was amended in 1986 and recodified as I.C. § 67–5315; hereinafter brackets will contain present designations of amended or recodified statutes).

■ Where an administrative remedy is provided by statute, relief must be sought from the administrative body and this remedy exhausted before the courts will act. Absent a statutory exception, the exhaustion of an administrative remedy is a prerequisite for resort to the courts. As a corollary to the exhaustion doctrine, the primary jurisdiction doctrine provides that if the claim or cause of action is within the special jurisdiction of the administrative tribunal, courts may act only to review the final administrative determination. *Fischer v. Sears, Roebuck and Co.*, 107 Idaho 197, 687 P.2d 587 (Ct.App.1984). If a court allows a suit to be maintained prior to such final determination, it interferes with the subject matter jurisdiction of another tribunal. *County of Contra Costa v. State of California*, 177 Cal.App.3d 62, 222 Cal. Rptr. 750 (1986).

We now examine whether Pounds exhausted the administrative remedies available under the Act. A summary review of the procedures involved is useful. Under I.C. § 67–5309A, subsections (1) and (4) [now I.C. § 67–5315, subsections (1) and (4)], each department in the executive branch must establish a grievance procedure for use by its employees. An employee initiates this process by filing a grievance within the department. The department's decision shall be final and conclusive unless a timely petition for review is filed. Failure to follow the department's grievance procedure constitutes a waiver of the right to review by the Commission. I.C. § 67–5309A(3) [now I.C. § 67–5315(3)].

An employee aggrieved by a decision at the department level has two avenues available for review. First, if the matter is not reviewable by the Personnel Commission pursuant to I.C. § 67–5316, the employee may seek judicial review under the Administrative Procedure Act within thirty days of the completion of the grievance procedure in the department. *See Stroud v. Dept. of Labor and Industrial Services*, 112 Idaho 891, 736 P.2d 1345 (Ct.App.1987) (Burnett, J., specially concurring).

Second, if the matter *is* reviewable by the Personnel Commission pursuant to I.C. § 67–5316, the employee may appeal to the Commission within thirty days (thirty-five days under the amended statute) of the completion of the department's grievance procedure. The Commission will assign such an appeal to a hearing officer. I.C.

§ 67–5316(h) [now I.C. § 67–5316(3) ]. The hearing officer's decision shall be final and conclusive between the parties unless a petition for review by the full Commission is filed within thirty days of the decision. I.C. § 67–5316(h) [now I.C. § 67–5316(8), providing thirty-five days for filing]. The procedure for filing a petition for review is now found in I.C. § 67–5317. The Commission's decision shall be final and conclusive between the parties unless an appeal is taken to the district court within thirty days of the decision. I.C. § 67–5316(k) [now I.C. § 67–5317(3), providing forty-two days for an appeal].

■ Here, Pounds failed to follow the proper procedure for exhausting the available administrative remedies prior to bringing an action in the district court. Pounds did not appeal or otherwise obtain judicial review of the disposition of her grievance relating to Denison's alleged conduct toward her.

Subsequently, when her position was declared vacant by BSU, Pounds failed to initiate a new grievance proceeding to challenge that action, which she claims was a constructive discharge. Each of the four counts against BSU and its president alleged in Pounds' complaint directly bears upon her employment contract with BSU and each stems from the loss of her employment. Such matters are precisely the type of internal personnel conflicts the Act was designed to handle. As discussed, the procedures under the Act are the exclusive remedy for challenging a discharge or dismissal. *See Henderson v. State,* 110 Idaho 308, 715 P.2d 978 (1986). Consequently, any claims based upon Pounds' discharge or dismissal must fail because she did not first exhaust all available administrative remedies before bringing her claims into a judicial forum. *See, e.g., Sankar v. Detroit Board of Education,* 160 Mich.App. 470, 409 N.W.2d 213 (1987); *Maddox v. Clackamas County School District No. 25,* 51 Or.App. 639, 626 P.2d 924 (1981); *Dils v. Dept. of Labor and Industries,* 51 Wash.App. 216, 752 P.2d 1357 (1988).

*Compare Nasi v. State Dept. of Highways,* 753 P.2d 327 (Mont.1988) (tort claim brought after grievance procedure completed barred by res judicata because same parties, facts and issues were involved).

Important policy considerations underlie the requirement for exhausting administrative remedies under the Act. Foremost is the opportunity given to the department and to the Personnel Commission for mitigating or curing personnel grievances without judicial intervention. Other considerations include deferring to the administrative processes established by the Legislature and the agencies for relatively simple and summary solutions of employment disputes; a sense of comity for the quasi-judicial functions served by the Commission and the departments in conducting inquiries on personnel grievances; and relieving the courts of the burdens involved in managing personnel problems—a matter more suitable to the expertise of administrative departments. Therefore, we affirm the district court's order dismissing Pounds' complaint with respect to her employment grievances.

■ We now examine whether Pounds may continue to pursue in the district court her tort claim of intentional infliction of emotional distress. This claim seeks monetary compensation for injuries and medical costs allegedly incurred as a result of the conduct by Denison, acting individually and as an employee/agent of BSU. Although we intimate no view regarding the merits of this claim, we believe it is actionable for the following reasons.

■ The Personnel Commission and the departments are vested with powers necessary for carrying out their duties under the Act. Those duties are directed toward resolution of employment disputes and personnel problems. Although the Commission and the departments have the power to remedy the cause of disputes or problems, they cannot compensate an employee injured by the tortious conduct of another. The power to award damages for a tort

rests with the courts and is strictly a judicial function. *See, e.g., Youst v. Longo,* 43 Cal.3d 64, 233 Cal.Rptr. 294, 729 P.2d 728 (Cal.1987).

Further, the Personnel Commission has subject matter jurisdiction only over claims arising from grievances related to public employment. Such claims are distinguishable from an intentional tort claim. The elements of an intentional tort do not coincide with the proof required to establish a wrongful termination of employment. We recognize that similar facts and issues may be presented in both a grievance proceeding and a tort action; however, what effect the doctrine of collateral estoppel (issue preclusion) may have on a subsequent tort action remains to be determined on a case by case basis. What we say here, however, does not alter our holding that Pounds is now barred from relitigating in court her claims for loss of wages, employment and related benefits, with respect to which the doctrine of exhaustion of administrative remedies is applicable.

We have been invited by BSU to rule, if we find Pounds' tort claim is viable, that the claim against BSU should be dismissed for failure to abide with the notice provisions of the Idaho Tort Claims Act. We decline the invitation. The question of notice under the Tort Claims Act is a matter for the trial court; we will refrain from conducting forays into factual matters apparently not considered by the trial court. Pounds' tort claim against Denison individually remains actionable regardless of the ultimate conclusion reached on BSU's liability for his conduct. Therefore, we vacate that part of the district court's order which dismisses the intentional tort claim in Pounds' complaint. We remand this claim to the district court.

Both BSU and Pounds have requested attorney fees on appeal. We are not persuaded that either party is entitled to an award of attorney fees. Because each party prevailed in part on appeal, no costs will be awarded to any party. The district court's order dismissing Pounds' complaint

is affirmed in part and vacated in part. The case is remanded.

WALTERS, C.J., and BURNETT, J., concur.