9 P.3d 530

Virginia STACEY, Petitioner–Respondent–Respondent on Appeal, Cross Appellant,

v.

IDAHO DEPARTMENT OF LABOR, Respondent–Petitioner–Appellant on Appeal, Cross Respondent.

Idaho Department of Labor, Petitioner–Petitioner–appellant on Appeal, Cross Respondent,

v.

Virginia Stacey, Respondent–Respondent–Respondent on Appeal, Cross Appellant.

No. 25288.

Supreme Court of Idaho, Boise, January 2000 Term.

Aug. 28, 2000.

Hon. Alan G. Lance, Attorney General; David G. High, Deputy Attorney General, Boise, for appellant. Michael S. Gilmore argued.

Mauk & Burgoyne, Boise, for respondent. William L. Mauk argued.

WALTERS, Justice.

This is an appeal from the district court's determination that Idaho law does not provide for an interlocutory appeal from a Personnel Commission Hearing Officer's decisions. We affirm.

## BACKGROUND AND PRIOR PROCEEDINGS

In January 1995, Virginia Stacey's position as Chief of the Idaho Department of Labor's Human Resources Bureau was abolished. Stacey filed a departmental grievance and then a grievance appeal to the Idaho Personnel Commission, which was assigned to a hearing officer. During the discovery process, the Department objected to several of Stacey's discovery requests based upon (a) an alleged privilege protecting the mental and deliberative processes preceding and leading up to executive, judicial or legislative actions and (b) the attorney-client privilege. The hearing officer rejected the Department's arguments and entered an order compelling discovery. The Department simultaneously petitioned both the Personnel Commission and the district court for review of the hearing officer's order.

The Personnel Commission determined that it had no jurisdiction over an interlocutory appeal from a hearing officer's proceeding because the Personnel System Act, I.C. § 67–5301, *et seq.*, (PSA) does not provide for interlocutory appeals. The Commission found that interlocutory appeals are inconsis-

tent with the PSA's stated goal that "[p]rocess and procedure under this act shall be as summary and simple as reasonably may be." The Commission also noted that the Department had a concurrent petition for review currently pending with the district court and that the issues raised by the Department could more appropriately be handled by the district court. Consequently, the Commission stated that "deferring to the court's jurisdiction will not create additional delays and may ultimately result in a more timely determination of these important issues." Concluding the Commission had no jurisdiction, it dismissed the Department's petition for review. The Department appealed to the district court.

The Department's appeal and the pending petition for review by the district court were consolidated. Stacey made a motion to dismiss the consolidated petition and appeal, which the district court granted. The court stated:

> [T]his Court finds that the Petition for Judicial Review is governed exclusively by the appellate procedures set forth in the Idaho Personnel System Act, PSA and that these procedures do not provide the right to an interlocutory appeal. Accordingly, the Court holds that neither this Court nor the Personnel Commission has jurisdiction to consider Petitioner's appeal.

The Department pursued this appeal from the district court's dismissal order. Stacey has cross-appealed from the district court's order denying her request for attorney fees under I.C. § 12–117.

## ANALYSIS

### I.  The district court's jurisdiction over the Department's appeal from the Personnel Commission.

■ The Department argues that the district court had jurisdiction to consider the appeal from the Personnel Commission even if the court did not have jurisdiction to consider the interlocutory petition for review directly from the hearing officer's decision. We agree.[1]  However, the district court did not dismiss the appeal from the Personnel Commission on the basis that it had no jurisdiction over that appeal. The district court found no merit in the Department's appeal from the Personnel Commission because the Personnel Commission had correctly determined that the PSA does not provide for interlocutory review.

### II.  The district court's jurisdiction over the Department's petition for review directly from the hearing officer's discovery order.

■ The Department argues that the district court had jurisdiction to consider its interlocutory petition for review under the APA, which provides for interlocutory judicial review when a review after a final order is issued by an agency would not provide an adequate remedy. Although the Department acknowledges that Stacey's appeal is governed by the PSA, it contends that because the PSA does not address interlocutory appeals the APA should be used to supplement the PSA procedures.

The Department's position is contrary to this Court's decisions in *Swisher v. State Dept. of Environmental and Community Services*, 98 Idaho 565, 569 P.2d 910 (1977) and *Lockhart v. Dept. of Fish and Game*, 121 Idaho 894, 828 P.2d 1299 (1992). In *Swisher*, this Court stated:

> [W]e conclude that the proceedings before the personnel commission and its hearing officer and the appeal from the personnel

---

1.  Idaho Code § 67–5317(3) provides that "[a] decision of the commission shall be final and conclusive between the parties, unless within forty-two (42) days of the filing of such decision either party appeals to the district court." Pursuant to this statute, the Personnel Commission's decision that it had no jurisdiction over an interlocutory appeal provides that "[e]ither party may appeal this decision to the District Court." Stacey did not challenge the district court's jurisdiction to hear an appeal from the

Personnel Commission's decision. The district court never discussed whether the court had jurisdiction to hear an appeal from the Personnel Commission. Stacey's motion to dismiss was based upon the grounds that neither the district court nor the Personnel Commission had jurisdiction to consider an interlocutory appeal from the hearing officer and the district court concluded that "neither this Court nor the Personnel Commission has jurisdiction to consider Petitioner's appeal."

commission to the district court must be conducted exclusively under the Personnel Commission Act and not under the APA.

*Id.* at 570, 569 P.2d at 915. In *Lockhart,* the Court reiterated its holding in *Swisher.* The Court also noted that "If we were to indiscriminately graft APA provisions into the PSA we would be creating an unwarranted trap for those attempting to conduct themselves within the 'exclusive' parameters of the PSA." *Lockhart,* at 897, 828 P.2d at 1302.

The Department cites *Sheets v. Idaho Dept. of Health and Welfare,* 114 Idaho 111, 753 P.2d 1257 (1988), *Stroud v. Dept. of Labor and Indus. Services,* 112 Idaho 891, 736 P.2d 1345 (Ct.App.1987), and *Pounds v. Denison,* 115 Idaho 381, 766 P.2d 1262 (Ct.App.1988), in support of its argument that the APA should be applied in this case because the PSA does not provide for interlocutory appeals and consequently does not conflict with the APA. The Department's reliance upon these cases is misplaced. As noted in *Lockhart,* "[t]hese cases merely recognize that to the extent the subject matter of the PSA did not cover a particular administrative proceeding, the provisions of the APA would govern." *Lockhart,* at 897, 828 P.2d at 1302.

The employees in both *Stroud* and *Sheets* attempted to appeal to the Personnel Commission from departmental actions that are not appealable to the Personnel Commission under I.C. § 67–5316. In both cases, the Commission's determination that it had not been granted statutory authority over the subject matter of the employees' actions was affirmed on appeal. In *Sheets,* this Court noted that the employee might have an alternative remedy under the APA, which provided for judicial review of an agency decision following the exhaustion of administrative remedies. Since the employee had exhausted available remedies under the PSA, this Court stated that review under the APA might be allowed. In the present case, the departmental action that Stacey has challenged is appealable to the Personnel Commission under I.C. § 67–5316. Therefore,

the exhaustion of remedies rationale articulated in *Stroud* and *Sheets* does not apply.

Unlike the employees in *Sheets* and *Stroud,* Stacey's appeal from the Department's decision was properly instituted under the provision of the PSA. Stacey appealed the Department's decision to the Personnel Commission. The Department has not argued that the Commission lacked jurisdiction to hear Stacey's appeal. Stacey's appeal was assigned to a hearing officer pursuant to the provisions of the PSA.

The PSA provides for appeal to the Personnel Commission from the hearing officer's final decision, but does not allow for an appeal of the hearing officer's intermediate orders. However, it does not necessarily follow, as the Department argues, that there is a gap in the appellate procedures provided for in the PSA. The PSA provides that "[p]rocess and procedure under this act shall be as summary and simple as reasonably may be." I.C. § 67–5316(5). Arguably, interlocutory appeals are inconsistent with this goal.

■ We conclude that the APA conflicts with the PSA to the extent that the former provides different or additional procedure for appeals conducted within the statutory framework of the PSA. The APA cannot be used to contradict or supplement the PSA's appellate procedures. The district court's decision in that regard is affirmed.

**III. The district court did not err by denying Stacey attorney fees under I.C. § 12–117.**

■ The district court denied Stacey's request for attorney fees under I.C. § 12–117. At the time, section 12–117 provided:

In any administrative or civil judicial proceeding involving as adverse parties a state agency, a city, a county or other taxing district and a person, the court shall award the person reasonable attorney's fees, witness fees and reasonable expenses, if the court finds in favor of the person and also finds that the state agency, the city, the county or the taxing district acted without a reasonable basis in fact or law.[2]

---

2. Section 12–117 was recently amended by the

legislature to permit recovery of attorney fees by

Stacey argues that the district court erred by denying her request for attorney fees because the Department unreasonably proceeded with this appeal in spite of this Court's decisions in *Swisher* and *Lockhart*.

 This Court freely reviews the district court's decision regarding attorney fees under § 12–117. *Rincover v. State, Dept. of Finance, Securities Bureau*, 132 Idaho 547, 976 P.2d 473 (1999). Attorney fees must be awarded under § 12–117 if (1) the court finds in favor of the person, and (2) the Department acted without a reasonable basis in fact or law.

Stacey clearly prevailed in the district court. However, although we have agreed with Stacey regarding the proper interpretation of *Swisher* and *Lockhart*, we do not believe that the Department proceeded without a reasonable basis under the current state of the law. Consequently, the district court's order denying attorney fees is affirmed. For the same reason we decline to award Stacey attorney fees on appeal.

### CONCLUSION

The district court's decision is affirmed. Given our holding, we have not addressed the Department's arguments regarding the merits of the hearing officer's order. Costs, but no attorney fees, are awarded to the respondent, Stacey.

Chief Justice TROUT and Justices SILAK, SCHROEDER and KIDWELL concur.

the "prevailing party" and not just by a "person" in the action. *See* 2000 Idaho Session Laws, ch. 241.