Argued May 30, reversed June 23, petition for rehearing denied
July 25, petition for review denied September 19, 1972

## PERSONNEL DIVISION OF THE EXECUTIVE DEPARTMENT, STATE OF OREGON, *Petitioner,* v. ST. CLAIR, ARMSTRONG, BARNES, PIKE, AND PUBLIC EMPLOYE RELATIONS BOARD, *Respondents.*

498 P2d 809

*Walter L. Barrie,* Assistant Attorney General, Salem, argued the cause for petitioner. With him on the brief were Lee Johnson, Attorney General, and John W. Osburn, Solicitor General, Salem.

*John S. Irvin,* Salem, argued the cause and filed the brief for respondents.

Before SCHWAB, Chief Judge, and LANGTRY and THORNTON, Judges.

THORNTON, J.

This is an administrative review proceeding au-

thorized by ORS 183.480 (2). Petitioner, the State Personnel Division, seeks judicial review of the administrative findings and order of the respondent Public Employe Relations Board (PERB) which were in favor of four classified state employes. The challenged order held that petitioner in amending its Rule 32-320① and replacing it with Rule 32-325 and Rule 32-330,② effective September 9, 1971, wrongfully deprived respondent employes and others of being considered for salary increases "on the first of the month following six full months of service in the higher class." The new rules changed the six-months' requirement to 12 months. None of the named respondent employes had completed the six-months' period of service under the old rule at the time the new rules were adopted.

---

① Rule 32-320:

"When an employe is promoted or his position is reclassified upward, he may be given an immediate increase to the next higher rate in the new salary range. When an employe receives a salary advancement upon promotion or reclassification, he will not retain his eligibility date for a salary increase, but will be eligible for an increase on the first of the month following six full months of service in the higher class."

② Rule 32-325:

"When an employee is promoted, he may be given an immediate increase to the next higher rate in the new salary range. If given an increase at the time of promotion, the employee does not retain his old eligibility date and will be eligible for a salary increase the first of the month following twelve months in the new class."

Rule 32-330:

"When an employe is noncompetitively advanced because of reclassification of his position he may be given an immediate increase to the next higher rate in the new salary range. If given an increase at the time of advancement, the employee does not retain his old eligibility date and will be eligible for a salary increase the first of the month following twelve months in the new class."

It is not disputed that petitioner complied with the applicable provisions of ORS ch 183 (Administrative Procedure Act) in adopting the challenged rules.

Following the hearing below respondent PERB ruled that the challenged rule change was invalid because it was applied retroactively and thus unconstitutionally impaired 'vested contractual rights' of the affected employes in violation of Oregon Constitution, Art I, § 21.[9] This is the chief ground relied upon by respondents to sustain the findings and order of PERB before this court on review.

Respondents' arguments concerning 'vested contractual rights' and 'impairment of the obligation of contracts,' in which they endeavor to apply the general law of contracts to the present case, are based on the erroneous assumption that the employment relationship between the state of Oregon and its civil service employes arises out of, or results in, a contract between the parties. The terms and conditions of civil service employment are fixed by statute and the regulations of the state personnel agency, and not by 'contract' between the public employer and the individual employe. *Boren v. State Personnel Board,* 37 Cal2d 634, 234 P2d 981 (1951).

It is fundamental law that there is no vested right to employment in the public service. Kaplan, The Law of Civil Service 214 (1958). Likewise a public officer or employe has no 'vested right' in a specific term of office or employment, or to the compensation attached to that office or employment. For

---

[9] Oregon Constitution, Art I, § 21:

"No *ex-post facto* law, or law impairing the obligation of contracts shall ever be passed * * *."

examples see *NAEF, Appellant v. City of Allentown,* 424 Pa 597, 227 A2d 888 (1967); *Shamberger v. Ferrari,* 73 Nev 201, 314 P2d 384 (1957).

In *Raymond v. Christian,* 24 Cal App2d 92, 100, 74 P2d 536, 541 (1937), the court stated the general rule in the following terms:

> "* * * When an employee of the state, under civil service, accepts a position, he does so with knowledge of the fact that his salary, and, indeed, his conduct, are both subject to the law governing such matters, as set forth in the statute and the rules and regulations of the commission * * *."

Similarly, in *Butterworth v. Boyd,* 12 Cal2d 140, 150, 82 P2d 434, 126 ALR 838 (1938), the court stated:

> "* * * It is well settled that public employees have no vested right in any particular measure of compensation or benefits, and that these may be modified or reduced by the proper statutory authority * * *."

A contention similar to that urged by respondents in the case at bar was made in *Risley v. Bd. of Civil Service Commrs.,* 60 Cal App2d 32, 37, 140 P2d 167 (1943). In answer to this contention the court had this to say:

> "Plaintiffs' first two contentions may be considered together, as they involve the same fallacious concept, which is, that plaintiffs have a vested, contractual, right to have the terms of their employment continue unaffected by charter amendments. That they have rights, by virtue of the provisions of the charter, which the courts will protect against unauthorized infringement by the city or any of its legislative or executive officers or boards, is undoubtedly true, and is recognized in the large number of cases cited by the plaintiffs. But that these rights are vested, contractual, rights, pro-

tected by the state and federal constitutional provisions forbidding the impairment of contracts and the taking of 'property' without due process, so that they cannot be changed, is not true, and none of the cases relied upon by plaintiffs hold it to be true. The rights to which plaintiffs would cling are created by or under the provisions of the charter and are dependent upon those provisions. They may all be lost by the repeal of the provisions or modified by an amendment to the provisions, at the will of those who determine what the charter's terms shall be."

Again, as the Minnesota Supreme Court observed in *Halck v. City of St. Paul*, 227 Minn 477, 480-81, 35 NW2d 705 (1949):

"* * * [C]ivil service rights of public employes granted by law are neither contractual nor vested, and, because that is true, not only such rights, but the remedies for the enforcement thereof may be abolished by the authority that created them. [Citing case.]"

■ From the foregoing authorities we conclude that where a public employer, because of shortage of funds, budgeting requirements, changes in programs or other sufficient reason, decides to modify its previously adopted rules pertaining to granting salary increases, it may do so, in the absence of specific prohibition, without infringing the rights of its employes, so long as the governing body has statutory authority to make such changes and follows the procedure prescribed by statute in doing so.

■ Finally, mention should be made that PERB has sought to supplement the record under review by inserting several documents purporting to be references to, and excerpts from, certain collective bargaining contracts. PERB states that these contracts are

now in effect between state agencies and the Oregon State Employes Association and cover the four employes involved in this proceeding. According to the record these contracts were not introduced at the hearing nor mentioned by counsel for respondents during the arguments before the PERB. In fact an examination of the record of proceedings before the PERB shows that no testimony or exhibits whatsoever were offered at the hearing. Only legal arguments were presented. Petitioner strenuously objects to the action of PERB in attempting to make these documents a part of the record before this court. Petitioner's objections are well taken. If any of the collective bargaining contracts contained matters applicable to this case and to respondent employes' rights, then it was incumbent upon respondents to introduce them in evidence and make them available to petitioner at the hearing. We therefore express no opinion as to the application of the provisions of any collective bargaining agreement or agreements to the present controversy.

Summarizing, it is our conclusion that under ORS 240.180 the State Personnel Division was authorized to promulgate the challenged rules set forth above; that respondent employes had no 'vested legal rights' in the continuation without change of the prior rule; that the effect of the amended rules in the case at bar was to extend the period to be served from six months to 12 months in order to qualify for consideration for a salary increase; and that the PERB erred in ordering that the four employes be considered for pay raises at the end of six months' service rather than at the end of the required 12 months' period.

Reversed.