576 P.2d 755

James P. "Corky" MORRIS, Plaintiff-Appellee,

v.

Emma C. GONZALES, County Clerk, County of Bernalillo, Defendant-Appellant.

No. 11889.

Supreme Court of New Mexico.

March 31, 1978.

Toney Anaya, Atty. Gen., Chris F. Downs, Jill Z. Cooper, Asst. Attys. Gen., Santa Fe, for appellant.

Thomas F. McKenna, Albuquerque, for appellee.

EASLEY, PAYNE and FEDERICI, Justices.

OPINION

Plaintiff-appellee James P. "Corky" Morris, instituted this action in the District Court of Bernalillo County against defend-

ant-appellant Emma C. Gonzales, County Clerk, Bernalillo County, for a declaratory judgment to determine whether appellee would be eligible to run for the Bernalillo County Commission, District Five, in the 1978 primary and general election. Appellee had requested from appellant a written statement that she would accept appellee's declaration of candidacy at the appropriate time. Appellant, in reply, suggested that appellee seek a court determination since there were two completely opposite legal opinions which had come to her attention, and this action followed.

Appellee was first elected as County Commissioner for the County of Bernalillo in the primary and general election of 1972. He was elected and served his term of office pursuant to N.M. Const. art. 10, § 2, which provides:

> All county officers shall be elected for a term of two years, and after having served two consecutive terms, shall be ineligible to hold any county office for two years thereafter.

Section 15–37–2(A), N.M.S.A. 1953 (Repl. 1976) provides that boards of county commissioners shall consist of three qualified electors who are to be elected according to law. Prior to 1974, N.M. Const. art. 10, § 2 and § 15–37–2(A) applied to all county commissioners in the state and limited the term of office to two consecutive two-year terms.

On November 6, 1973, N.M. Const. art. 10, § 7 was adopted and it provides that in counties with populations greater than one hundred thousand, and assessed valuation greater than seventy-five million dollars, the county commission shall consist of five members to be elected by district and that:

> County commissioners serving on five-member boards of county commissioners shall serve terms of four years, and after having served two consecutive terms, shall be ineligible to hold any county office for four years thereafter.

Section 15–37–2(B), N.M.S.A. 1953 (Repl. 1976) was subsequently enacted to implement N.M. Const. art. 10, § 7.

After having served a two-year term (1972–74) under N.M. Const. art. 10, § 2,

appellee in 1974 ran for and was again elected as a county commissioner, this time for a four-year term, pursuant to N.M. Const. art. 10, § 7. He now seeks a second four-year term.

The cause was heard below by the Honorable Gene E. Franchini, District Judge, pursuant to appellee's amended pleading for an alternative writ of mandamus. The district court entered an order on March 14, 1978, issuing an alternative writ of mandamus to appellant ordering her to accept the declaration of candidacy to be submitted by appellee. The appellant filed notice of appeal and a motion for expedited appeal, which motion was granted by this Court.

The issue is whether appellee, who has previously served a two-year term as county commissioner under N.M. Const. art. 10, § 2, and one four-year term under art. 10, § 7, may serve an additional four-year term under N.M. Const. art. 10, § 7.

N.M. Const. art. 10, § 7 replaces N.M. Const. art. 10, § 2 with respect to the office of county commissioners in Bernalillo County. Section 15–37–2(B) implemented N.M. Const. art. 10, § 7 to provide for the five-member board.

When N.M. Const. art. 10, § 7 was added by constitutional amendment, the old § 2 of article 10 ceased to apply to counties having a population greater than one hundred thousand and an assessed valuation greater than seventy-five million dollars. N.M. Const. art. 10, § 7 is considerably different than N.M. Const. art. 10, § 2. Under article 10, § 7, the original office of county commissioner for two-year terms in Bernalillo County was in effect abolished and a new office of county commissioners to be elected for a period of two four-year terms was created. This is sufficiently clear, notwithstanding the new constitutional provision does not expressly say that the old office was abolished and a new one created.

█ The result we reach is supported by the following language in the case of *In Re Thaxton*, 78 N.M. 668, 437 P.2d 129 (1968):

[A]n office created by constitution may be abolished by adoption of an amendment to the constitution, wherein the provision creating the office is repealed, or the office otherwise eliminated. This is true because the office-holder has neither a vested right in the office, nor does he hold by contract. See Annot., 4 A.L.R. 205, 210 (1919); 172 A.L.R. 1366, 1375 (1948); *State ex rel. O'Connell v. Duncan*, 108 Mont. 141, 88 P.2d 73 (1939); *State ex rel. Corry v. Cooney*, 70 Mont. 355, 225 P. 1007, 1012 (1924); *Luckett v. Madison County*, 137 Miss. 1, 101 So. 851, 37 A.L.R. 814 (1924). The rule is the same even where the abolition of the office is not expressly stated in the amendment. *Martello v. Superior Court*, 202 Cal. 400, 261 P. 476 (1927).

78 N.M. 668 at 670–671, 437 P.2d 129 at 131–132.

█ Appellant's counsel urges that a rule of statutory construction should be applied to the effect that amendments and repeals which amount to a re-enactment of a statute in substantially the same language as contained in the original enactment merely results in a continuation of the original statute. That rule of construction does not, in our opinion, apply when the amendment or repeal is by way of a constitutional amendment or addition, of the character and substance of the new article 10, § 7, since the change is clearly expressed by the will of the sovereign people themselves in adopting the new amendment. *In Re Thaxton, supra.*

█ The order of the district court is affirmed and appellant is directed, upon proper application being made, to accept appellee's declaration of candidacy for the office of county commissioner, Bernalillo County.

IT IS SO ORDERED.