Argued and submitted October 1, reversed and remanded November 24, 1980

GILI et al,
*Petitioners,*
*v.*
OREGON STATE UNIVERSITY et al,
*Respondents.*

(No. 924, CA 17966)

619 P2d 938

F. Peter De Luca, Salem, argued the cause and filed the brief for petitioners.

Al J. Laue, Assistant Attorney General, Salem, argued the cause for respondents. With him on the brief were James M. Brown, Attorney General, John R. McCulloch, Jr., Solicitor General, and William F. Gary, Deputy Solicitor General, Salem.

Before Richardson, Presiding Judge, and Thornton and Buttler, Judges.

RICHARDSON, P. J.

## RICHARDSON, P. J.

Petitioners are employes of various state agencies which are the respondents in this proceeding. The petitioners began their employment at various times during December, 1978. As of June 30, 1979, each of the petitioners had completed at least six but had not yet completed seven months of employment. A collective bargaining agreement (agreement) between petitioners' bargaining representative and the Executive Department of the State of Oregon expired on June 30, 1979. Article 38 of the agreement provided, as relevant, that "employes shall be eligible for salary increases * * * [u]pon completion of the initial six months in state service * * *." Article 53 of the agreement provided, in part, that "[w]hen work performed justifies, an employe shall be advanced one step in the salary range on the first of the month following the first six full months of service with the state * * *."

On July 1, 1979, a new collective bargaining agreement took effect, under which eligibility for initial raises occurs after the completion of one year rather than six months of employment. Similarly, effective July 1, 1979, the Personnel Division's Rule 33-120 was repealed. The pertinent provisions of that rule were substantially identical to those of Article 53 of the first agreement.

Petitioners argue that they had qualified for six month raises under the agreement and the rule before the former's expiration and the latter's repeal, and that they are now entitled to those raises. The state argues that petitioners' entitlement to the raises did not arise during the lives of the agreement or the rule. The Employment Relations Board (ERB) agreed with the state. We reverse and remand.

ERB's decision below and the state's argument here rely heavily on *Personnel Division v. St. Clair,* 10 Or App 106, 498 P2d 809, *rev den* (1972). There, the division had amended a rule to delete a provision for salary increases for employes on the first day of the month following their completion of six months' service. Unlike the present case, however, "[n]one of the named respondent employes" in *St. Clair* "had completed the six-months' period of

service under the old rule * * *." 10 Or App at 108. We rejected the employes' contention that they were entitled to be considered for raises in accordance with the rule in effect at the time their service commenced, and stated:

"Respondents' arguments concerning 'vested contractual rights' and 'impairment of the obligation of contracts,' in which they endeavor to apply the general law of contracts to the present case, are based on the erroneous assumption that the employment relationship between the state of Oregon and its civil service employes arises out of, or results in, a contract between the parties. The terms and conditions of civil service employment are fixed by statute and the regulations of the state personnel agency, and not by 'contract' between the public employer and the individual employe. * * *" 10 Or App at 109.

We also noted in *St. Clair* that references to and excerpts from certain collective bargaining agreements had been brought to our attention on appeal, but that

"* * * [i]f any of the collective bargaining contracts contained matters applicable to this case and to respondent employes' rights, then it was incumbent upon respondents to introduce them in evidence and make them available to petitioner at the hearing. We therefore express no opinion as to the application of the provisions of any collective bargaining agreement or agreements to the present controversy."[1] 10 Or App at 112.

The state argues that *St. Clair* is controlling, notwithstanding the factual differences between that case and the present one, to-wit, first, that there is a collective bargaining agreement involved in this case; and second, that all of the petitioners here had completed six months of service prior to the expiration of the agreement and the repeal of the rule, while none of the employes in *St. Clair* had completed the requisite service period to qualify for raises under the former rule. According to the state, "the creation of collective bargaining for public employes [has not] eliminated the 'governing body's statutory authority to make * * *'" rule changes of the kind in question. Petitioners respond that the existence of the agreement, consummated pursuant to the collective bargaining statutes,

---

[1] *St. Clair* was decided before most of the current public employe bargaining statutes were adopted. *See* ORS 243.650 *et seq.;* Or L 1973, ch 536.

made the state's "unilateral" adoption of any rule inconsistent with the agreement a violation of the statutes. *See* ORS 243.672.

In our view, there is no variance between the first agreement and the former Rule 33-120. The latter did no more than incorporate a provision of the agreement, without affecting other provisions, and the agreement's expiration and the rule's repeal were simultaneous. The issue is whether petitioners had an accrued right under the agreement and/or the rule before July 1, 1979.

The state contends they did not because, under the rule and under Article 53 of the agreement, the "operative date" of the salary increases would have been July 1, 1979—the day both the agreement and the rule ceased to be in effect. However, under Article 38 of the agreement, the petitioners became *eligible* for raises during the preceding month. We therefore disagree with the state's argument. The event giving rise to a right of petitioners under the agreement had occurred before the agreement expired.

ERB concluded that petitioners acquired no right under the agreement. It therefore did not apply the right which we hold was acquired. We conclude that the petitioners are entitled to be considered for raises, effective July 1, 1979, to the extent and in the amounts they would have received on that date if the first agreement and Rule 33-120 were then still in effect. We cannot determine on the basis of this record whether the agreement required automatic raises in identifiable amounts for each of the petitioners, or whether any conditions beyond the eligibility they had accrued had to be satisfied before they received salary increases. On remand, ERB is to remand to the affected agencies for further consideration in light of this opinion.

At oral argument, we asked the state's attorney whether his interpretation of the agreement and the rule amounted to changing the goal posts in the middle of the game. He responded that the goal posts were not moved until the whistle had blown and the game was over. We think that some or all of the petitioners had crossed the goal line while there was time on the clock.

Reversed and remanded.