876 P.2d 590

**William G. JAMES, Plaintiff–Appellant,**

v.

**DEPARTMENT OF TRANSPORTATION OF the STATE of IDAHO, Defendant–Respondent.**

**No. 20735.**

Supreme Court of Idaho, Boise, March 1994 Term.

June 21, 1994.

Jim Jones & Associates, Boise, for appellant. John C. McCreedy, argued.

Larry EchoHawk, Atty. Gen., and Mallea & Scrivner, Sp. Deputy Attys. Gen., Boise, for respondent. Kenneth L. Mallea, argued.

JOHNSON, Justice.

This is a state employee termination case. The primary issues presented concern: (1) exhaustion of administrative remedies, and (2) the protection afforded by the provisions of I.C. § 65–503, relating to veterans' preference, for classified employees during an entrance probationary period.

We conclude that the state employee did not fail to exhaust administrative remedies, except concerning the claim that the state employer failed to evaluate the employee's performance and advise the employee of any improvements needed in order to complete the entrance probationary period successfully. We also conclude that there is a genuine issue of material fact concerning whether the employer terminated the employee for reasons that are permissible under I.C. § 65–503, which is part of the veterans' preference act, I.C. §§ 65–502 through 65–508 (the veterans' preference act).

## I.

## THE BACKGROUND AND PRIOR PROCEEDINGS.

William G. James is a disabled war veteran, as defined in I.C. § 65–507. James applied for employment with the Idaho depart-

ment of transportation (the department), receiving preference points regarding his employment by virtue of his prior service in the armed forces of the United States. On April 27, 1992, James began working for the department as a port of entry inspector trainee.

Prior to commencing his employment with the department, James received and signed a copy of a hiring notice indicating that he had a probationary appointment with the department. On April 27, 1992, James received and signed a notice of training which included the statement: "I further understand that no advancement can take place until I have satisfactorily completed the required probationary period for my job class." James received and signed a similar notice of training on July 31, 1992.

On August 24, 1992, James attended a meeting with one of the department's district engineers (the district engineer) and other employees of the port of entry where James was assigned. Among the topics discussed at this meeting was the overall job performance of James's immediate supervisor (the immediate supervisor), who was not present. There is a dispute about the content of the remainder of the discussion that took place at this meeting.

On September 14, 1992, the district engineer advised the immediate supervisor and the department's area supervisor to meet with James and to tell James the district engineer had decided James should not become a permanent employee of the department and that James could resign "without prejudice." Following this meeting, James submitted his resignation, effective September 25, 1992. On September 16, 1992, James withdrew his resignation.

By a letter dated September 16, 1992, the director of the department (the director) advised James:

In accordance with Idaho Personnel Commission Rule 15.C you are hereby notified that you will be terminated for failing to satisfactorily complete your entrance probationary period.

You are hereby given the opportunity to resign without prejudice. If you fail to resign you will be terminated effective at

the end of your shift Wednesday, September 30, 1992.

Your last day of work will be at the end of your shift on September 16, 1992. You will be placed on Administrative Leave with pay effective September 17, 1992 through September 30, 1992.

Also on September 16, 1992, the department prepared a notice of severance, indicating that James was terminated because of his failure to meet probation requirements, and that his ability to meet standards and his human relations were unsatisfactory.

On September 18, 1992, James's attorney wrote to the director stating: (1) James had been denied his right to a formal evaluation and opportunity to meet expectations and remedy criticisms; (2) James had been denied his rights as a disabled veteran; and (3) James had been terminated for improper reasons. The director responded on September 30, 1992, stating that a formal performance evaluation of James "will be issued denoting unsatisfactory performance during the probationary period." The director also stated that James's veterans' preference under I.C. § 65–503 "has been preempted or overridden by the later enactment of Title 67, Chapter 53, of the Idaho Code [the personnel system act] and through the terms of the employment contract."

On September 30, 1992, the immediate supervisor signed an overall performance rating for James stating that James needed to improve his working relationship with his fellow employees and the quality of his written work. The immediate supervisor also commented in the rating that James had to be cautioned on the use of vulgar and obscene language in front of the public and his fellow employees, and that the immediate supervisor had received a complaint about James's "know it all" attitude when he was instructed in various aspects of his job requirements. On October 1, 1992, the district engineer concurred with the immediate supervisor's evaluation of James and recommended that James not be allowed to achieve "permanent status."

James sued the department for damages, reinstatement, and attorney fees, alleging: (1) breach of contract, (2) violation of veter-

ans' preference rights, (3) breach of the covenant of good faith and fair dealing, (4) deprivation of due process, and (5) breach of public policy. The department responded denying liability and alleging: (1) failure to state a claim upon which relief may be granted, (2) failure to exhaust administrative remedies, (3) estoppel, (4) lack of a property right, (5) compliance with all due process protection to which James was entitled as a probationary employee, and (6) resignation.

The department requested summary judgment dismissing all of James's claims. James requested partial summary judgment on the issue of the department's violation of his veterans' preference rights. The trial court denied James's motion, and granted the department's motion. The trial court also denied James's motion to alter or amend the judgment.

James appealed, raising only two issues: (1) whether the trial court was incorrect in dismissing his claims on the ground that James failed to exhaust administrative remedies, and (2) whether the department violated James's veterans' preference rights.

## II.

## THE TRIAL COURT SHOULD HAVE DISMISSED ONLY ONE OF JAMES'S CLAIMS ON THE GROUNDS THAT JAMES FAILED TO EXHAUST ADMINISTRATIVE REMEDIES.

James asserts that the trial court was incorrect in dismissing his claims on the ground James failed to exhaust administrative remedies. We agree, except concerning James's allegation that the department breached his contract of employment by failing to evaluate his performance and advise him of any improvements needed in order for him to complete his probationary period successfully.

The personnel system act requires the department to establish and adopt a grievance procedure, and provides:

A classified employee may grieve any matter, except that compensation shall not be deemed a proper subject for consideration under the grievance procedure except as it

applies to alleged inequities within a particular agency or department, and except for termination during the entrance probationary period.

I.C. § 67–5315(1).

The department's grievance procedure states:

> Any matter is grievable except:
>
> Salary, in and of itself, is not a grievable item except as it applies to alleged inequities within the department nor is dismissal for failure to complete satisfactorily the entrance probationary period.

All of James's claims are directed to the reasons for his termination or the procedures used in terminating him, except the portion of his breach of contract claim alleging that the department failed to evaluate his performance and advise him of any improvements needed in order to complete his probationary period successfully. We conclude that the only failure of James to exhaust administrative remedies concerns this alleged breach of contract.

James was terminated during his entrance probationary period. Pursuant to I.C. § 67–5315(1) and the department's grievance procedure, James was not entitled to grieve his termination. This conclusion is not in conflict with *Brigham v. Department of Health and Welfare,* 106 Idaho 347, 679 P.2d 147 (1984).

In *Brigham,* a probationary employee filed grievances contending, among other things, that the department of health and welfare had failed to provide him with a job description and an evaluation based on the job description. The Court ruled that a job description and an evaluation based on the job description are rights accorded to all classified employees, including probationary employees, under the personnel system act. The Court also said that the only right contained in the personnel system act that probationary employees do not have is "the right to appeal a dismissal based on unsatisfactory performance." *Id.* at 350, 679 P.2d at 150. (Citing I.C. § 67–5309(j), which at that time included the following: "Employees who during the probationary period are performing in an unsatisfactory manner may be asked to resign and, upon failure to submit such resignation, may be discharged without the right

of appeal." 1981 Idaho Sess.Laws, ch. 133, § 3, pp. 221, 229.)

When the Court decided *Brigham* in 1984, the current provision in I.C. § 67–5315(1) preventing a classified employee from grieving termination during the entrance probationary period had not been added to the statute. This provision was added in 1987. 1987 Idaho Sess.Laws, ch. 100, § 1, pp. 198–99. Therefore, *Brigham* does not affect our conclusion that James was not entitled to use the grievance procedure to challenge his termination.

*Brigham* does, however, control the failure of James to exhaust administrative remedies concerning his allegation that the department failed to evaluate his performance and advise him of any improvements needed to complete his probationary period successfully. While this claim of breach of contract is obviously related to James's termination, it is primarily a question of the department's compliance with its own procedures in supervising James during his employment. This was the very question addressed in *Brigham.*

We note that although the department raised other defenses to James's claims, the materials presented by the department in support of its motion for summary judgment seem to address the defense of failure to exhaust administrative remedies. Although the trial court's summary judgment does not state that the trial court ruled only on James's failure to exhaust administrative remedies, in response to James's motion to alter or amend the judgment, the department stated:

> Since [James] failed to exhaust his administrative remedies, this Court properly dismissed his amended complaint with prejudice.

Therefore, in this appeal, we do not address the other defenses raised by the department.

### III.

**THERE IS A GENUINE ISSUE OF MATERIAL FACT CONCERNING WHETHER THE DEPARTMENT TERMINATED JAMES FOR REASONS THAT ARE PERMISSIBLE UNDER I.C. § 65–503.**

James asserts that the department violated his veterans' preference rights. We con-

clude there is a genuine issue of material fact concerning whether the department terminated James for reasons that are permissible under I.C. § 65–503.

This statute states:

Qualified war veterans shall be given preference in employment if their disability does not prevent satisfactory performance of the work. *No war veteran employed under the provisions of this act shall be discharged except for inefficiency, incompetence, insubordination or violation of working agreements.* Change of administration in any state, county or municipal government shall not affect the status of such war veteran employees. In any reduction of force such war veterans shall be given preference for retention.

I.C. § 65–503 (emphasis added).

At the times pertinent to this case, the personnel system act provided:

**Veterans' preference.**—Veterans' preference as provided in title 65, chapter 5, Idaho Code, shall be observed.

I.C. § 67–5313.

While this case was pending before the trial court, the legislature enacted an amended version of I.C. § 67–5313 which reads:

**Veterans' preference.**—Veterans' preference as provided in title 65, chapter 5, Idaho Code, shall be observed *except that entrance probationary periods are governed exclusively by the provisions of this chapter.*

1993 Idaho Sess.Laws, ch. 21, § 1, p. 79 (emphasis added).

The department contends that the provisions of the personnel system act concerning the entrance probationary period take precedence over the provisions of the veterans' preference act. Citing *Union Pacific R. Co. v. Board of Tax Appeals,* 103 Idaho 808, 811, 654 P.2d 901, 904 (1982), the department argues that I.C. § 65–503 and I.C. § 67–5309(j) should be harmonized to say that the limitations on discharge in I.C. § 65–503 come into play only after the successful completion of a probationary period and attainment of permanent status by a classified employee. Alternatively, the department argues that if the statutes cannot be harmon-

ized in this fashion, I.C. § 67–5309(j) should control because it was enacted after I.C. § 65–503.

■ We first note that contrary to James's contention, I.C. § 65–515 does not apply to give the veterans' preference act precedence over the personnel system act. I.C. § 65–515 provides:

**Relation to other laws.**—Any laws or parts of laws, which are inconsistent with the provisions of this act, or which would serve to defeat the purposes thereof, shall to such extent be deemed inapplicable to public employers and public employees in the exercise of the rights and privileges conferred by this act.

This section was enacted as part of the act concerning reemployment rights of public employees called for military duty. 1951 Idaho Sess.Laws, ch. 175, p. 370. The reference to "rights and privileges conferred by this act" in I.C. § 65–515 refers to the rights and privileges conferred on those public employees called for military duty during their employment, not to the rights and privileges conferred on war veterans by the veterans' preference act.

■ We conclude that I.C. § 67–5313, as it existed before the 1993 amendment, controls the relationship of the veterans' preference act to the personnel system act. In the original version of I.C. § 67–5313, the legislature clearly stated that the veterans' preference act, including the limitation on the reasons for discharge contained in I.C. § 65–503, "shall be observed" in carrying out the personnel system. Therefore, there is no need for us to attempt to harmonize the two statutes nor to give the personnel system act preference because of its later enactment.

We note in passing that I.C. § 65–505 provides for writs of mandate against public officials who wilfully fail or refuse to give preference to qualified veterans. This provision is not applicable in this case. The department's violation of the veterans' preference act was not in willfully failing or refusing to give preference to James, but in discharging him in violation of the portion of I.C. § 65–503 which states: "No war veteran

employed under the provisions of this act shall be discharged except for inefficiency, incompetence, insubordination or violation of working agreements."

We are left then with the task of determining if there is any genuine issue of material fact concerning whether James was discharged for "inefficiency, incompetence, insubordination or violation of working agreements" as allowed pursuant to I.C. § 65–503.

 The affidavit of the district engineer submitted by the department in support of its motion for summary judgment states that James was terminated because of his failure to complete satisfactorily his entrance probation period. The notice of severance of September 16, 1992, attached to this affidavit indicates that James was unsatisfactory in "Ability to Meet Standards" and in "Human Relations." The district engineer states in his affidavit that James received a copy of this notice on September 21, 1992.

James submitted the deposition of the district engineer in opposition to the department's motion for summary judgment and in support of his own. In this deposition, the district engineer admitted that James was not terminated for being inefficient, incompetent, or insubordinate. This leaves only "violation of working agreements" among the reasons that are permissible pursuant to I.C. § 65–503.

The director said in his letter of September 16, 1992, that James was being terminated for failing to complete his probationary period satisfactorily. The department's notice of severance dated September 16, 1992, stated that James was terminated for his failure to meet probationary requirements, and that his ability to meet standards and his human relations were unsatisfactory.

In his deposition, the district engineer stated that James was probably completing his actual duties "in a satisfactory manner and meeting minimum standards."

James states in an affidavit in opposition to the department's motion for summary judgment that on September 21, 1992, he was told by the district engineer that he could be fired for no reason, that the department did not have to give a reason, and that he did not fit the overall employee "image" sought by the department.

We conclude that there is a genuine issue of material fact concerning whether James was discharged for a reason that is permissible under I.C. § 65–503.

## IV.

## CONCLUSION.

We affirm the summary judgment dismissing James's claim that the department failed to evaluate his performance and advise him of any improvements needed for him to complete his probationary period successfully.

We vacate the summary judgment dismissing James's other claims.

We remand the case to the trial court for further proceedings consistent with this opinion.

We award James costs on appeal. James did not request attorney fees.

BISTLINE, TROUT and SILAK, JJ., and REINHARDT, J. pro tem., concur.